**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NUSBAUM, STEIN, GOLDSTEIN,
BRONSTEIN & KRON, P.A.
20 Commerce Boulevard
Succasunna, New Jersey  07876
(973) 584-1400
Attorneys for Plaintiffs

|  |  |
|---|---|
| BASSEM KANDIL and FLORA KANDIL, his wife, <br><br> Plaintiffs, <br><br> v. <br><br> POLICE OFFICER GARY YURKOVIC, POLICE OFFICER ANTHONY MARK ABODE, POLICE OFFICER WILLIAM C. OELS, III, SERGEANT WILLIAM OELS, CHIEF OF POLICE, CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DEPARTMENT, MIDDLESEX COUNTY PROSE- CUTOR'S OFFICE, MIDDLESEX COUNTY CORRECTIONAL FACILITY, JOHN DOE SUPERVISING OFFICERS 1-10, JOHN  DOES 1-10, ABC CORPS. 1-10, <br><br> Defendants. | CASE NO. 06CV4701 (JAG) <br> CIVIL ACTION <br><br><br><br> FIRST AMENDED COMPLAINT AND DESIGNATION OF TRIAL COUNSEL |

Plaintiffs, Bassem Kandil and Flora Kandil residing at 2 Manchur Court,

Flemington, New Jersey, by way of Complaint against the Defendants herein, say:

<u>JURISDICTION</u>

1.      At all times relevant herein, the Plaintiffs, Bassem Kandil and Flora Kandil

were residents of the State of New Jersey residing at the above location.

1

2.     At all times relevant herein, upon information and belief, the individual defendants were residents of the State of New Jersey.

3.     At all times relevant herein, the public entity defendants were organized under the laws of the State of New Jersey.

4.     Jurisdiction is proper within this United States District Court for the District of New Jersey, pursuant to 28 U.S.C. Sec. 1343 as the matter in controversy involves federal questions under 42 U.S.C. Sec. 1983, and 42 U.S.C. Sec. 1985.

<u>THE PARTIES</u>

1.     Defendant Police Officer Gary Yurkovic (hereinafter "Yurkovic") was at all times relevant hereto an officer in the Police Department of the City of New Brunswick responsible for upholding and enforcing the law and maintaining the peace in the City of New Brunswick, was at all times relevant herein an arresting officer, and was also responsible for assaulting, harassing, and/or causing severe personal injury to the plaintiff Kandil.

2.     Defendant Police Officer Anthony Mark Abode (hereinafter "Abode") was at all times relevant hereto an officer in the Police Department of the City of New Brunswick responsible for upholding and enforcing the law and maintaining the peace in the City of New Brunswick, was at all times relevant herein an arresting officer, and was also responsible for assaulting, harassing, and/or causing severe personal injury to the plaintiff Kandil.

3.     Defendant Police Officer William C. Oels, III (hereinafter "Officer Oels") was at all times relevant hereto an officer in the Police Department of the City of New Brunswick responsible for upholding and enforcing the law and maintaining the peace in

2

the City of New Brunswick, was at all times relevant herein an arresting officer, and was also responsible for assaulting, harassing, and/or causing severe personal injury to the plaintiff Kandil.

4.    Defendant Police Officer Sergeant Oels, Jr. (hereinafter "Sergeant Oels") was at all times relevant hereto an officer in the Police Department of the City of New Brunswick, was at all times relevant herein an arresting officer, and was also responsible for assaulting, and/or causing severe personal injury to the plaintiff Aboelata.

5.    Defendant City of New Brunswick (hereinafter "New Brunswick") is a Municipal entity incorporated pursuant to the Municipal Laws of the State of New Jersey and at all times relevant hereto maintained a police department and furthermore, at all times relevant hereto Defendant the City of New Brunswick had the duty to exercise its powers and authority over the police department pursuant to N.J.S.A. 40A:14-118, et seq. and to provide training, supervision and/or overall management of the New Brunswick Police Department.

6.    Defendant City of New Brunswick Police Department (hereinafter "Police Department") is a law enforcement agency whose principal place of business is located at 25 Kirkpatrick Street, PO Box 909, New Brunswick, Middlesex County, New Jersey and at all times relevant hereto Defendant Police Department had the duty to provide training, supervision and/or overall management of the New Brunswick Police Department Officers.

7.    Defendant Middlesex County Correctional Facility (hereinafter "Correctional Facility") is a law enforcement agency and correctional facility whose

3

principal place of business is located at Highway 130 and Apple Orchard Lane, North Brunswick, Middlesex County, New Jersey and at all times relevant hereto Defendant Correctional Facility had the duty to provide safe housing and/or safe keeping of the plaintiff's personal property.

8.     Defendant John Doe Supervising Officers 1-10 (hereinafter "John Doe Supervisors") were at all times relevant hereto officers in the Police Department of the City of New Brunswick responsible for upholding and enforcing the law and maintaining the peace in the City of New Brunswick and were also responsible for supervising and training subordinate officers and were responsible for the Internal Affairs investigation of the incident which is the subject of the within action.

9.     Defendant Chief of Police (hereinafter "Chief of Police") at all times relevant hereto was the Chief of Police of the New Brunswick Police Department responsible for the operation, training and/or management of the police department, department personnel, and/or for the enforcement of laws within the City of New Brunswick, pursuant to N.J.S.A. 40A:14-118, et seq.

10.     Defendant Middlesex County Prosecutor's Office (hereinafter "Prosecutor's Office") is a law enforcement agency whose principal place of business is located at 25 Kirkpatrick Street, 3d Floor, New Brunswick, Middlesex County, New Jersey and at all times relevant hereto Defendant Prosecutor's Office had the duty to exercise prosecutorial discretion and/or enforce the laws in a fair and impartial manner and/or to provide training, supervision and/or overall management of the New Brunswick Police Department Officers.

11.     Defendant John Does 1-10 are fictitious persons/law enforcement officers whose identifies are unknown at this time, and at all times relevant hereto were responsible for the response, investigation and/or enforcement of the laws within the City of New Brunswick and/or were responsible for the training, supervision and/or management of the New Brunswick Police officers named as John Doe Officers and/or who may have been responsible, directly and/or indirectly, for the injuries sustained by the plaintiff and/or the loss of property of the plaintiff.  At such time as their identities become known, this complaint will be amended to name the known persons.

12.     Defendants ABC Corps. 1-10 are fictitious names for entities, corporations, agents and/or servants who were responsible for the response, investigation and/or enforcement of the laws within the City of New Brunswick and/or Correctional Facility were responsible for the training, supervision and/or management of the New Brunswick Police officers named as John Doe Officers who may have been responsible, directly and/or indirectly, for the injuries sustained by the plaintiff and/or the loss of property of the plaintiff.   At such time as their identities become known, this complaint will be amended to name the known entities.

13.     At all relevant times herein Defendants Yurkovic, Abode, Officer Oels, Sergeant Oels, Chief of Police, John Doe Supervisors 1-10 and John Does 1-10 acted as employees, agents and/or servants and/or with the permission of the Defendants New Brunswick, Police Department and/or Correctional Facility.

14.     At all times relevant hereto, the actions of Defendants Yurkovic, Abode, Officer Oels, Sergeant Oels, John Doe Supervisors 1-10, Chief of Police and John Does

1-10 shall be deemed to be the actions of Defendants New Brunswick, Police

Department and/or Correctional Facility.

<u>PLAINTIFF KANDIL</u>

<u>FIRST COUNT</u>

<u>False Arrest/False Imprisonment</u>

1.      Plaintiffs repeat and reiterate the allegations of "The Parties" as though set

forth verbatim herein.

2.      On or about October 1, 2004 the plaintiff, Bassem Kandil, was in the area

of Easton Avenue and Condit Street, in the City of New Brunswick, State of New Jersey

when he was accosted, violently assaulted, harassed and/or falsely arrested/falsely

imprisoned by the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-

10 and/or John Does 1-10.

3.      On or about October 1, 2004 the plaintiff, Bassem Kandil, was illegally

arrested by defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10

and/or John Does 1-10, without justification or cause.

4.      On that same date, plaintiff was charged on Warrant No. W-2004-002243-

11214 with various offenses including harassment, resisting arrest, disarming an officer

and aggravated assault upon a police officer.

5.      At the aforementioned place, the Defendants Yurkovic, Abode, Officer

Oels, John Doe Supervisors 1-10 and/or John Does 1-10, acted without probable cause

for said arrest.

6.      At the aforementioned place, the Defendants Yurkovic, Abode, Officer

Oels, John Doe Supervisors 1-10 and/or John Does 1-10, exercised their authority as

law enforcement officers and acted in bad faith, with actual malice, and/or with a wanton and willful disregard of persons who forseeably might be harmed by defendants actions.

7.      As a result of the false arrest/false imprisonment of the plaintiff, the plaintiff was wrongfully detained and/or deprived of his freedom and liberty.

8.      As a direct and proximate result of the false arrest/false imprisonment of the plaintiff, the plaintiff suffered damages and/or damage to his reputation.

9.      Pursuant to <u>N.J.S.A.</u> 2A:15-5.10 plaintiff prays for punitive damages.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demand judgment against Defendants Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department and/or ABC Corps. 1-10 for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

<u>SECOND COUNT</u>

<u>Malicious Prosecution</u>

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties and First Count as though set forth verbatim herein.

2.      At the aforementioned place the plaintiff was arrested and charged with violations of harassment, resisting arrest, disarming an officer and aggravated assault upon a police officer by Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department and/or ABC Corps. 1-10.

3.      On December 1, 2004 this matter was presented to the Middlesex County Grand Jury which returned Indictment No. 04-12-01694 charging the plaintiff with

disarming a law enforcement officer, two counts of aggravated assault, and two counts of resisting arrest.

4.      The Indictment charging the plaintiff with disarming a law enforcement officer, three counts of aggravated assault, and three counts of resisting arrest, was brought against plaintiff with actual malice by the Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10.

5.      As a direct and proximate result of the malicious prosecution of the plaintiff, by the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10, the plaintiff has suffered severe damages and/or damage to his reputation.

6.      Said malicious prosecution committed by the defendants was committed with actual malice, and/or with a wanton and willful disregard of persons who forseeably might be harmed by defendants actions.

7.      Pursuant to N.J.S.A. 2A:15-5.10 plaintiff prays for punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## THIRD COUNT

## Intentional Infliction of Emotional Distress

8

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First and Second counts as though set forth verbatim herein.

2.      The Defendant's false arrest/false imprisonment of the plaintiff was intentional and/or reckless conduct that the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 knew or should have known would cause the plaintiff to suffer severe emotional distress.

3.      The Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 false arrest/false imprisonment and/or malicious prosecution of the plaintiff was extreme and/or outrageous under the circumstances.

4.      As a direct and proximate result of the false arrest/false imprisonment and/or malicious prosecution of the plaintiff, the plaintiff suffered severe emotional distress and damages.

5.      The emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

6.      Said intentional infliction of emotional distress committed by the defendants was committed with actual malice, and/or with a wanton and willful disregard of persons who forseeably might be harmed by defendants actions.

7.      Pursuant to N.J.S.A. 2A:15-5.10 plaintiff prays for punitive damages.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demand judgment against Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or

ABC Corps. 1-10 for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

FOURTH COUNT

Malicious Abuse of Process

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, and Third Counts as though set forth verbatim herein.

2.      At all periods of time subsequent to filing the complaint/warrant against the plaintiff the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 failed to provide the plaintiff with complete discovery, including but not limited to police arrest report, police incident report, dispatch logs, radio logs, statements of witnesses and the like.

3.      The defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 used and abused the criminal justice process in an improper, unwarranted, and/or perverted manner in an attempt to harass and/or oppress the plaintiff.

4.      The defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 possessed an ulterior purpose and/or motive in securing the process and committed further acts and/or failed to perform certain acts which revealed a motive to coerce and/or oppress the plaintiff.

5.      The defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 malicious abuse of process caused the plaintiff to unnecessarily appear in court numerous times, sustain unwarranted legal fees, and/or suffer general anxiety and/or distress.

6.      As a direct and proximate result of the malicious abuse of process the plaintiff suffered damages and damage to his reputation.

7.      Said malicious abuse committed by the defendants was committed with actual malice, and/or with a wanton and willful disregard of persons who forseeably might be harmed by defendants actions.

8.      Pursuant to N.J.S.A. 2A:15-5.10 plaintiff prays for punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

FIFTH COUNT

Tortious Interference with Economic Advantage

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, Third, and Fourth Counts as though set forth verbatim herein.

2.      At the aforementioned time the plaintiff was employed, a protected interest recognized by the courts of the State of New Jersey and the federal courts of the United States.

3.      At the aforementioned time the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 intentionally interfered with that protected interest without justification, by illegally arresting the plaintiff, maliciously prosecuting the plaintiff and/or intentionally Inflicting emotional distress upon the plaintiff.

4.      The defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 knew or should have known that the illegal arrest of the plaintiff, malicious prosecution of the plaintiff and/or intentional Infliction of emotional distress upon the plaintiff would have prevented the plaintiff from performing his employment.

5.      As a direct and proximate cause of the plaintiff's inability to perform his job, the plaintiff lost wages.

6.      As a direct and proximate result of Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 illegal arrest of the plaintiff, malicious prosecution of the plaintiff and/or intentional Infliction of emotional distress upon the plaintiff, the plaintiff suffered economic loss and/or damages.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demands judgment against Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or

ABC Corps. 1-10 for compensatory damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

<u>SIXTH COUNT</u>

<u>Negligent Training and Supervision</u>

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, Third, Fourth, and Fifth Counts of the Complaint as though set forth verbatim herein.

2.      Defendants Sergeant Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 arrested the plaintiff without probable cause, deprived the plaintiff of his freedom and liberty, maliciously prosecuted him, maliciously abused process and/or intentionally caused him emotional distress.

3.      The defendants Sergeant Oels, John Doe Supervisors 1-10, Chief of Police, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 failed to follow the City of New Brunswick, County of Middlesex, State of New Jersey, policies, procedures and/or guidelines for the arrest of a person and/or prosecution of a person.

4.      The defendants Sergeant Oels, John Doe Supervisors 1-10, Chief of Police, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 failed to exercise the authority vested in them as law enforcement officers and/or negligently trained and/or supervised the defendants and/or officers of the City of New Brunswick Police Department and/or of the Prosecutor's Office with deliberate indifference.

5.      As a direct and proximate result of the defendants Sergeant Oels, John Doe Supervisors 1-10, Chief of Police, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 negligent training and supervision, the plaintiff suffered severe damages.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demand judgment against the Defendants John Doe Supervisors 1-10, Chief of Police, New Brunswick, Police Department, Sergeant Oels, Prosecutor's Office and/or ABC Corps. 1-10 for compensatory damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

<u>SEVENTH COUNT</u>

<u>Civil Conspiracy</u>

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, Third, Fourth, Fifth, and Sixth Counts of the Complaint as though set forth verbatim herein.

2.      At all relevant times herein, the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 and/or a combination of two or more of the defendants, acted in concert to commit the tort(s) and/or civil rights violations alleged in this Complaint and/or committed lawful acts by unlawful means.

3.      At all relevant times herein, the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 and/or a combination of two or

more of the defendants, entered in an agreement to commit the tort(s) and/or civil rights violations alleged in this complaint against the plaintiff.

4.      At all relevant times herein, the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 and/or a combination of two or more of the defendants, made an overt act(s) in furtherance of the civil conspiracy.

5.      At all relevant times herein, the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 and/or a combination of two or more of the defendants, caused the plaintiff to suffer damage as a result of the civil conspiracy.

6.      Said conspiracy committed by the defendants was committed with actual malice, and/or with a wanton and willful disregard of persons who forseeably might be harmed by defendants actions.

7.      Pursuant to N.J.S.A. 2A:15-5.10 plaintiff prays for punitive damages.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demand judgment against the Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## EIGHTH COUNT

### New Jersey Civil Rights Violations

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts of the Complaint as though set forth verbatim herein.

2.      At all relevant times herein, the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 deprived, interfered with and/or attempted to interfere by threats, intimidation and/or coercion with the exercise and/or enjoyment of the plaintiff of her substantive due process, equal protection rights, privileges and/or immunities secured by the constitution and/or laws of the United States and/or State of New Jersey, in violation of N.J.S.A. 10:6-2.

3.      As a direct and proximate result of Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 violations of the plaintiff's civil rights guaranteed to her by N.J.S.A. 10:6-2 the plaintiff suffered damages.

4.      Said civil rights violations committed by the defendants was committed with actual malice, and/or with a wanton and willful disregard of persons who forseeably might be harmed by defendants actions.

5.      Pursuant to N.J.S.A. 2A:15-5.10 plaintiff prays for punitive damages.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demand judgment against the Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 for a civil penalty, compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## NINTH COUNT

### 42 U.S.C. § 1983 Violations

1.     Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Counts of the Complaint as though set forth verbatim herein.

2.     At all relevant times herein, the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10, under color of law, subjected the plaintiff and/or caused the plaintiff to be subjected to a deprivation of his rights, privileges, and/or immunities secured to him by the Constitution.

3.     At all relevant times herein, the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 violated the plaintiff's civil rights by falsely arresting the plaintiff, illegally seizing the person of the plaintiff, maliciously prosecuting the plaintiff, intentionally causing the plaintiff emotional distress, maliciously abusing process, tortiously interfering with the plaintiff's economic advantage, negligently training and supervising the employees of the defendants, committing excessive force upon the plaintiff and conspiring to do the same as alleged herein in this complaint and as discovery may reveal.

4.     As a direct and proximate result of Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10 violations of the

plaintiff's civil rights guaranteed to him by 42 U.S.C. § 1983 the plaintiff suffered damages.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demand judgment against the Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10, for compensatory damages, punitive damages, interest, counsel fees, costs of suit, pursuant to 42 U.S.C. § 1988, and any other relief the Court deems just.

## TENTH COUNT

### 42 U.S.C. § 1985 Violations

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Counts of the Complaint as though set forth verbatim herein.

2.      At all relevant times herein, the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10, and/or two or more of them conspired to deprive, directly and/or indirectly, the plaintiff of his equal protection of the laws, and/or equal privileges and immunities under the laws

3.      At all relevant times herein, the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10, and/or two or more of them conspired to deprived the plaintiff of his civil rights by falsely arresting the plaintiff, illegally seizing the person of the plaintiff, maliciously prosecuting the plaintiff,

intentionally causing the plaintiff emotional distress, maliciously abusing process, tortiously interfering with the plaintiff's economic advantage, negligently training and/or supervising the employees of the defendants, committing excessive force upon the plaintiff and/or conspiring to do the same as alleged herein in this complaint and as discovery may reveal.

4.      As a direct and proximate result of Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10, violations of the plaintiff's civil rights guaranteed to him by 42 U.S.C. § 1985 the plaintiff suffered damages.

WHEREFORE, Plaintiffs Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick, Police Department, Prosecutor's Office and/or ABC Corps. 1-10, for compensatory damages, punitive damages, interest, counsel fees, costs of suit, pursuant to 42 U.S.C. § 1988, and any other relief the Court deems just.

<u>ELEVENTH  COUNT</u>

<u>Excessive Force</u>

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Counts of the Complaint as though set forth verbatim herein.

2.      On or about October 1, 2004 the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, John Does 1-10, New Brunswick, and/or Police

Department utilized force against the plaintiff in excess of the force permitted pursuant to <u>N.J.S.A.</u> 2C:3-7.

3.      On or about October 1, 2004 the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors1-10, John Does 1-10, utilized force against the plaintiff in excess of the force permitted by the rules and regulations of the New Brunswick Police Department, the County of Middlesex and/or the Attorney General of the State of New Jersey.

4.      As a direct and proximate result of the excessive force used upon the plaintiff, the plaintiff suffered severe and permanent damages.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demand judgment against Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, John Does 1-10, New Brunswick, and/or Police Department for compensatory damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

<u>TWELFTH COUNT</u>

<u>Loss of Property</u>

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Counts of the Complaint as though set forth verbatim herein.

2.      On the above date, the plaintiff's personal property including but not limited to a Rado watch and a Nextel phone, were damaged and/or lost during the violent assault against the plaintiff by the defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, John Does 1-10 New Brunswick, and/or Police Department.

20

3.      Plaintiff demands judgment against defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, John Does 1-10 New Brunswick, and/or Police Department for the value of the lost and/or damaged property.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demand judgment against Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, John Does 1-10, New Brunswick, and/or Police Department for compensatory damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

<u>THIRTEENTH COUNT</u>

<u>Theft of Property</u>

1.      Plaintiffs repeat and make a part hereof the allegations contained in The Parties, First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Counts of the Complaint as though set forth verbatim herein.

2.      On the above stated date, the plaintiff was lodge in the Middlesex County Correctional Facility.

3.      Upon admission to the Middlesex County Correctional Facility, all of the plaintiff's personal possessions were taken from him.

4.      Upon the plaintiff's release from the Middlesex County Correctional Facility, the plaintiff discovered that $70 was missing from his personal property.

5.      The defendants Correctional Facility, John Does 1-10, and/or ABC Corps. 1-10 were at all times responsible herein for the safekeeping of the plaintiff's personal property.

6.      The defendants Correctional Facility, John Does 1-10, and/or ABC Corps. 1-10 misappropriated the personal property of the plaintiff for their own personal use.

7.      The defendants Correctional Facility, John Does 1-10, and/or ABC Corps. 1-10 did not have authority and/or permission to misappropriate the plaintiff's personal funds.

8.      Plaintiff demands judgment against defendants Correctional Facility, John Does 1-10, and/or ABC Corps. 1-10 for the value of the lost and/or damaged property.

WHEREFORE, Plaintiffs Bassem Kandil and Flora Kandil demand judgment against Defendants Correctional Facility, John Does 1-10, and/or ABC Corps. 1-10, for compensatory damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## FOURTEENTH COUNT

### Loss of Consortium

1.      Plaintiff Bassem Kandil and Flora Kandil repeat the allegations contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Counts of the Complaint as if set forth herein verbatim.

2.      Plaintiff Flora Kandil is the spouse of Plaintiff Bassem Kandil.

3.      As a further result of the negligence, torts, violations of civil rights and malicious conduct of the Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, John Does 1-10, Chief of Police, New Brunswick, Police Department, Prosecutor's Office, and/or ABC Corps. 1-10 Plaintiff Flora Kandil has suffered and shall continue to suffer the loss of companionship, consortium, and services during the period of Plaintiff Bassem Kandil's disability.

WHEREFORE, the Plaintiff Flora Kandil demands judgment against the Defendants Yurkovic, Abode, Officer Oels, John Doe Supervisors 1-10, John Does 1-

10, Chief of Police, New Brunswick, Police Department, Prosecutor's Office, and/or

ABC Corps. 1-10 jointly, severally or in the alternative, for damages, interest and costs

of suit.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues of the within complaint.

DESIGNATION OF TRIAL COUNSEL

Robert D. Kobin, Esq., is hereby designated as trial counsel.


NUSBAUM, STEIN, GOLDSTEIN,
BRONSTEIN & KRON, P.A.


By: /s/  Robert D. Kobin, Esq.
    Robert D. Kobin, Esq.

Date: October 25, 2006