```
4-5900.039498
```
**DWYER, CONNELL AND LISBONA**
100 Passaic Avenue
Fairfield, New Jersey 07004
(973)276-1800
(WTC-0388)
Attorneys for Defendant POLICE OFFICER GARY YURKOVIC

| | | |
|---|---|---|
| Plaintiff, | : | UNITED STATES DISTRICT COURT |
| BASSEM KANDIL and FLORA KANDIL, his wife | : | DISTRICT OF NEW JERSEY |
| | : | |
| vs. | : | Civil Action Number: |
| | : | 06-4701(JAG-MCA) |
| Defendants, | : | |
| POLICE OFFICER GARY YURKOVIC, POLICE OFFICER ANTHONY MARK ADOBE, POLICE OFFICER WILLIAM C. OELS, III, SERGEANT WILLIAM OELS, CHIEF OF POLICE, CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DEPARTMENT, MIDDLESEX COUNTY PROSECUTOR'S OFFICE, MIDDLESEX COUNTY CORRECTIONAL FACILITY, JOHN DOE SUPERVISING OFFICERS 1-10, JOHN DOES 1-10, ABC CORPORATIONS 1-10 | : | ANSWER TO AMENDED COMPLAINT, DEMAND FOR DAMAGES, CROSSCLAIM, ANSWER TO CROSSCLAIM, DEMAND FOR TRIAL BY JURY |

Defendant, POLICE OFFICER GARY YURKOVIC, by way of Answer to the Amended Complaint, says:

AS TO JURISDICTION AND VENUE

1. This Defendant has no knowledge as to paragraph One.

2. Paragraph Two is admitted as to this Defendant.

3. This Defendant admits paragraph Three.

4. This Defendant denies paragraph Four.

AS TO PARTIES

1. This Defendant denies paragraph One.

2. Paragraph Two is not directed at this Defendant.

3. Paragraph Three is not directed at this Defendant.

4. Paragraph Four is not directed at this Defendant.

5. Paragraph Five is not directed at this Defendant.

6. Paragraph Six is not directed at this Defendant.

7. Paragraph Seven is not directed at this Defendant.

8. Paragraph Eight is not directed at this Defendant.

9. Paragraph Nine is not directed at this Defendant.

10. Paragraph Ten is not directed at this Defendant.

11. Paragraph Eleven is not directed at this Defendant.

12. Paragraph Twelve is not directed at this Defendant.

13. Paragraph Thirteen is admitted as to this Defendant.

14. Paragraph Fourteen is admitted as to this Defendant.

## AS TO THE FIRST COUNT

1. This Defendant repeats its answer to Jurisdiction and Parties as if set forth at length herein as to paragraph One.

2. This Defendant denies paragraph Two.

3. This Defendant denies paragraph Three.

4. This defendant admits paragraph Four.

5. This Defendant denies paragraph Five.

6. This Defendant denies paragraph Six.

7. This Defendant denies paragraph Seven.

8. This Defendant denies paragraph Eight.

9.   This Defendant denies paragraph Nine.

AS TO THE SECOND COUNT

1.   This Defendant repeats its answer to Jurisdiction, Parties and the First Count as if set forth at length herein as to paragraph One.

2.   This Defendant admits paragraph Two.

3.   This Defendant admits paragraph Three.

4.   This Defendant denies paragraph Four.

5.   This Defendant denies paragraph Five.

6.   This Defendant denies paragraph Six.

7.   This Defendant denies paragraph Seven.

AS TO THE THIRD COUNT

1.   This Defendant repeats its answer to Jurisdiction, Parties, First Count and Second Count as if set forth at length herein as to paragraph One.

2.   This Defendant denies paragraph Two.

3.   This Defendant denies paragraph Three.

4.   This defendant denies paragraph Four.

5.   This Defendant denies paragraph Five.

6.   This Defendant denies paragraph Six.

7.   This Defendant denies paragraph Seven.

AS TO THE FOURTH COUNT

1. This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count and Third Count as if set forth at length herein as to paragraph One.

2. This Defendant denies paragraph Two and asserts the obligations of discovery are the responsibility of the Co-Defendant Prosecutor's Office and not this Defendant.

3. This Defendant denies paragraph Three.

4. This Defendant denies paragraph Four.

5. This Defendant denies paragraph Five

6. This Defendant denies paragraph Six.

7. This Defendant denies paragraph Seven.

8. This Defendant denies paragraph Eighth.

## AS TO THE FIFTH COUNT

1. This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count and Fourth Count as if set forth at length herein as to paragraph One.

2. This Defendant denies paragraph Two.

3. This Defendant denies paragraph Three.

4. This Defendant denies paragraph Four.

5. This Defendant denies paragraph Five.

6. This Defendant denies paragraph Six.

## AS TO THE SIXTH COUNT

1. This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count, Fourth Count and Fifth Count as if set forth at length herein as to paragraph One.

2. Paragraph Two is not directed at this Defendant.

3. Paragraph Three is not directed at this Defendant.

4. Paragraph Four is not directed at this Defendant.

5. Paragraph Five is not directed at this Defendant.

### AS TO THE SEVENTH COUNT

1. This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count, Fourth Count, Fifth Count and Sixth Count as if set forth at length herein as to paragraph One.

2. This Defendant denies paragraph Two.

3. This Defendant denies paragraph Three.

4. This defendant denies paragraph Four.

5. This Defendant denies paragraph Five.

6. This Defendant denies paragraph Six.

7. This Defendant denies paragraph Seven.

### AS TO THE EIGHTH COUNT

1. This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count and Seventh Count as if set forth at length herein as to paragraph One.

2. This Defendant denies paragraph Two.

  3. This Defendant denies paragraph Three.

  4. This Defendant denies paragraph Four.

  5. This Defendant denies paragraph Five.

<u>AS TO THE NINTH COUNT</u>

  1. This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count and Eighth Count as if set forth at length herein as to paragraph One.

  2. This Defendant denies paragraph Two.

  3. This Defendant denies paragraph Three.

  4. This Defendant denies paragraph Four.

<u>AS TO THE TENTH COUNT</u>

  1. This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eighth Count and Ninth Count as if set forth at length herein as to paragraph One.

  2. This Defendant denies paragraph Two.

  3. This Defendant denies paragraph Three.

  4. This Defendant denies paragraph Four.

<u>AS TO THE ELEVENTH COUNT</u>

  1. This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eighth Count, Ninth Count

and Tenth Count as if set forth at length herein as to paragraph One.

    2.    This Defendant denies paragraph Two.

    3.    This Defendant denies paragraph Three.

    4.    This Defendant denies paragraph Four.

<u>AS TO THE TWELFTH COUNT</u>

    1.    This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eighth Count, Ninth Count, Tenth Count and Eleventh Count as if set forth at length herein as to paragraph One.

    2.    This Defendant denies paragraph Two.

    3.    This Defendant denies paragraph Three.

<u>AS TO THE THIRTEENTH COUNT</u>

    1.    This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eighth Count, Ninth Count, Tenth Count, Eleventh Count and Twelfth Count as if set forth at length herein as to paragraph One.

    2.    Paragraph Two is not directed at this Defendant.

    3.    Paragraph Three is not directed at this Defendant.

    4.    Paragraph Four is not directed at this Defendant.

    5.    Paragraph Five is not directed at this Defendant.

    6.    Paragraph Six is not directed at this Defendant.

7. Paragraph Seven is not directed at this Defendant.

8. Paragraph Eight is not directed at this Defendant.

## AS TO THE FOURTEENTH COUNT

1. This Defendant repeats its answer to Jurisdiction, Parties, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eighth Count, Ninth Count, Tenth Count, Eleventh Count, Twelfth Count and Thirteenth Count as if set forth at length herein as to paragraph One.

2. This Defendant has no knowledge as to paragraph Two.

3. This Defendant denies paragraph Three.

## FIRST SEPARATE DEFENSE

The Amended Complaint fails to state a cause of action upon which relief may be granted.

## SECOND SEPARATE DEFENSE

This Court lacks subject matter jurisdiction over this subject matter.

## THIRD SEPARATE DEFENSE

This Court should abstain from asserting its jurisdiction.

## FOURTH SEPARATE DEFENSE

This Defendant denies it was guilty of any negligence which was the proximate or producing cause of any injuries or damages alleged to have been sustained by Plaintiffs.

FIFTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by Plaintiffs were caused solely by the negligence of persons not under the control of this Defendant.

SIXTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by Plaintiffs were caused solely by the negligence of persons presently unknown to this Defendant.

SEVENTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by Plaintiffs were caused by the negligence of Plaintiffs.

EIGHTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by Plaintiffs were caused solely by the negligence of co-Defendants MIDDLESEX COUNTY PROSECUTOR'S OFFICE and MIDDLESEX COUNTY CORRECTIONAL FACILITY.

NINTH SEPARATE DEFENSE

This Defendant denies any breach of duty to Plaintiffs.

TENTH SEPARATE DEFENSE

The intentional, unlawful or criminal conduct of the Plaintiff BASSEM KANDIL is the direct and proximate cause of his damages, if any.

ELEVENTH SEPARATE DEFENSE

This claim is barred by the doctrine of res judicata.

### TWELFTH SEPARATE DEFENSE

This claim is barred by the doctrine of laches.

### THIRTEENTH SEPARATE DEFENSE

This claim is barred by the doctrine of unclean hands.

### FOURTEENTH SEPARATE DEFENSE

This claim is barred by the Statute of Limitations.

### FIFTEENTH SEPARATE DEFENSE

All of the acts of this Defendant were performed in good faith and therefore this Defendant is entitled to qualified immunity.

### SIXTEENTH SEPARATE DEFENSE

This Defendant asserts the defense of insufficiency of process.

### SEVENTEENTH SEPARATE DEFENSE

This Defendant asserts the defense of insufficiency of service of process.

### EIGHTEENTH SEPARATE DEFENSE

This Defendant is immune as per the Eighth Amendment of the United States Constitution.

### NINETEENTH SEPARATE DEFENSE

All of the acts of this Defendant were performed in his official capacity and this Defendant had no personal animus toward Plaintiff and therefore all claims that this Defendant acted in

his individual capacity and with malice or ill-will should be dismissed.

### TWENTIETH SEPARATE DEFENSE

Punitive damages cannot be awarded against this Defendant.

### TWENTY-FIRST SEPARATE DEFENSE

The Plaintiffs failed to file notice of claim against this Defendant as to any State claims asserted, and therefore all State claims should be dismissed as per N.J.S.A. 59:8-8 and 59:8-9.

### TWENTY-SECOND SEPARATE DEFENSE

The State pendent claims of Plaintiffs are barred by N.J.S.A. 59:1-1, et seq., including, but not limited to, 59:3-2; 59:3-3; 59:3-5; 59:3-8; 59:5-2, 59:5-4 and 59:9-2.

### TWENTY-THIRD SEPARATE DEFENSE

The criminal acts of third persons were the proximate cause of the Plaintiffs' injuries and damages.

### TWENTY-FOURTH SEPARATE DEFENSE

This Defendant is not responsible for the criminal acts of third persons.

### TWENTY-FIFTH SEPARATE DEFENSE

This Defendant did not act with a deliberate indifference to the rights of Plaintiffs and therefore the within cause of action should be dismissed.

### TWENTY-SIXTH SEPARATE DEFENSE

All of the acts of this Defendant were performed in good faith and in compliance with the rules and regulations of the New Brunswick Police Department and therefore all claims that the Defendant POLICE OFFICER GARY YURKOVIC is liable in his individual capacity and responsible for punitive damages should be dismissed.

### TWENTY-SEVENTH SEPARATE DEFENSE

The within cause of action is barred by the doctrine of collateral estoppel.

### TWENTY-EIGHTH SEPARATE DEFENSE

The Plaintiff's arrest was based on probable cause and was therefore lawful and Plaintiffs' allegations of false arrest, false imprisonment and malicious prosecution should be dismissed.

### TWENTY-NINTH SEPARATE DEFENSE

The force utilized to arrest the Plaintiff was justified to effectuate a lawful arrest and was neither excessive nor unreasonable.

### THIRTIETH SEPARATE DEFENSE

This action has been commenced by Plaintiffs in bad faith and with the intent to harass this Defendant and cause this Defendant great sums of money to defend this cause of action, and therefore this Defendant will seek reimbursement of its attorneys fees and costs pursuant to 42 U.S.C. Section 1988 and N.J.S.A. 2A:15-59.1.

### THIRTY-FIRST SEPARATE DEFENSE

This Defendant is a trained police officer employed by the New Brunswick Police Department who was trained in accordance with the New Jersey State Training Commission, the Attorney General Guidelines, and the Rules and Regulations of the New Brunswick Police Department, and, therefore, any claims of Plaintiff alleging improper training should be dismissed.

### THIRTY-SECOND SEPARATE DEFENSE

The Plaintiffs lack standing and are barred by judicial estoppel in bringing this cause of action if Plaintiffs have filed for bankruptcy and failed to disclose this cause of action as a contingent asset.

### THIRTY-THIRD SEPARATE DEFENSE

This claim is barred by Plaintiff's voluntary intoxication.

### CROSSCLAIM FOR CONTRIBUTION AND COMMON LAW INDEMNIFICATION

Defendant, POLICE OFFICER GARY YURKOVIC, while denying any and all negligence, violation of civil rights, conspiracy and/or intentional tort as alleged by Plaintiffs, nevertheless demands contribution and indemnity under the Joint Tort Feasor's Contribution Law, N.J.S.A. 2A:53A-1, et seq., in the amount of any judgment entered against this Defendant and in favor of Plaintiff(s), against co-Defendants MIDDLESEX COUNTY PROSECUTOR'S OFFICE and MIDDLESEX COUNTY CORRECTIONAL FACILITY.

### CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

Defendant, POLICE OFFICER GARY YURKOVIC, while denying all claims asserted by Plaintiffs, asserts that all of his actions were performed in the course of his duties as a Police Officer for the City of New Brunswick, and therefore he demands that his defense of this action and that any judgment or damages returned against this Defendant in this action be indemnified by the Defendant City of New Brunswick pursuant to his contract of employment with the City of New Brunswick.

### ANSWER TO CROSSCLAIM

Defendant, POLICE OFFICER GARY YURKOVIC, by way of Answer to any and all Crossclaims filed or to be filed against it, says:

This Defendant denies each and every allegation contained in any and all Crossclaims filed or to be filed against it, and leaves the co-Defendant-crossclaimant to its proofs as to all issues.

### DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury of Six (6).

### DEMAND FOR DAMAGES

Defendant demands a written statement of the amount of damages claimed within five (5) days after service thereof.

### CERTIFICATION

In accordance with Rule 4:5-1, we hereby certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that at this time no other parties should be joined in this action.

DWYER, CONNELL & LISBONA
Attorneys for Defendant POLICE OFFICER GARY YURKOVIC

By: s/WILLIAM T. CONNELL
_____
WILLIAM T. CONNELL

### CERTIFICATION OF MAILING

I, WILLIAM T. CONNELL, certify as follows:

1. On March 1, 2007, I electronically forwarded the within Answer to Clerk, United States District Court, Martin Luther King, Jr. Federal Building and Courthouse, 50 Walnut Street, P.O. Box 419, Newark, New Jersey 07101-0419 for filing.

2. On March 1, 2007, I forwarded one copy of the within Answer to the Honorable Joseph A. Greenaway, Jr., U.S.D.J., United States District Court, U.S. Courthouse and P.O. Building, Federal Square, P.O. Box 999, Newark, New Jersey 07101-0999.

3. On March 1, 2007, I forwarded one copy of the within Answer to the Honorable Madeline Cox Arleo, U.S.M.J., United States District Court, U.S. Courthouse and P.O. Building, Federal Square, P.O. Box 999, Newark, New Jersey 07101-0999.

4. On March 1, 2007, I forwarded one copy of the within Answer to Robert D. Kobin, Esq., Nusbaum, Stein, Goldstein, Bronstein and Kron, 20 Commerce Boulevard, Succasunna, New Jersey 07876.

5. On March 1, 2007, I forwarded one copy of the within Answer to Ellen M. Hale, D.A.G., Office of the New Jersey Attorney General, 25 Market Street, Box 112, Trenton, New Jersey 08625-0112.

6. On March 1, 2007, I forwarded one copy of the within Answer to Gary S. Spagnola, Esq., Golden, Rothschild, Spagnola, Lundell, Levitt and Boylan, 1011 Route 22 West, Suite 300, Box 6881, Bridgewater, New Jersey 08807.

7. On March 1, 2007, I forwarded one copy of the within Answer to Michael John Stone, Esq., The Stone Law Group, 20 Glenview Drive, Warren, New Jersey 07059.

8. On March 1, 2007, I forwarded one copy of the within Answer to Susan K. O'Connor, Esq., Hoagland, Longo, Moran, Dunst and Doukas, Esqs., 40 Paterson Street, P.O. Box 480, New Brunswick, New Jersey 08903.

                                s/WILLIAM T. CONNELL

                                                          _____
                                                            WILLIAM T. CONNELL

Dated: March 1, 2007