File No.  700B/07985-07-25

# *Martin, Kane & Kuper*

1368 How Lane - P.O. Box 6022
North Brunswick, New Jersey  08902
732-545-0745 phone
732-545-4780 fax
Attorneys for defendant, Middlesex County Correctional Facility

| | |
|---|---|
| *BASEEM KANDIL and FLORA KANDIL, his wife,*<br>     *Plaintiffs,*<br>                    *vs.*<br><br>*POLICE OFFICER GARY YURKOVIC, POLICE OFFICER ANTHONY MARK ABODE, POLICE OFFICER WILLIAM C. OELS, III, SERGEANT WILLIAM OELS, CHIEF OF POLICE, CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DPEARTMENT, MIDDLESEX COUNTY PROSECUTOR'S OFFICE, MIDDLESEX COUNTY CORRECTIONAL FACILITY, JOHN DOE SUPERVISING OFFICERS 1-10, JOHN DOES 1-10, ABC CORPS. 1-10,*<br>     *Defendants.* | *UNITED STATES DISTRICT COURT*<br>*DISTRICT OF NEW JERSEY*<br><br>*Civil Action No. 06-4701(JAG-MCA)*<br><br><br>*Answer to Amended Complaint,*<br>*Demand for Damages,*<br>*Crossclaim,*<br>*Answer to Crossclaim,*<br>*Demand for Trial by Jury* |

        Defendant, Middlesex County Correctional Facility, by way of Answer to the plaintiff's

Amended Complaint, says:

<u>Jurisdiction</u>

1.      This defendant has no knowledge as to paragraph one.

2.      This defendant has no knowledge as to paragraph two.

3.      This defendant admits paragraph three.

4.      This defendant denies paragraph four.

<u>Parties</u>

1.      Paragraph one is not directed at this defendant.

2.      Paragraph two is not directed at this defendant.

3.      Paragraph three is not directed at this defendant.

4.      Paragraph four is not directed at this defendant.

5.      Paragraph five is not directed at this defendant.

6.      Paragraph six is not directed at this defendant.

7.      Paragraph seven is admitted.

8.      Paragraph eight is not directed at this defendant.

9.      Paragraph nine is not directed at this defendant.

10.     Paragraph ten is not directed at this defendant.

11.     Paragraph eleven is not directed at this defendant.

12.     This defendant denies paragraph twelve.

13.     This defendant denies paragraph thirteen.

14.     This defendant denies paragraph fourteen.

<u>FIRST COUNT</u>

1.      This defendant repeats its answer to Jurisdiction and Parties as if set forth at length herein as to paragraph one.

2.      This defendant denies paragraph two.

2

3.     This defendant denies paragraph three.

4.     This defendant denies paragraph four.

5.     This defendant denies paragraph five.

6.     This defendant denies paragraph six.

7.     This defendant denies paragraph seven.

8.     This defendant denies paragraph eight.

9.     This defendant denies paragraph nine.

SECOND COUNT

1.     This defendant repeats its answer to Jurisdiction, Parties, and the Prior Count as though set forth at length herein.

2.     This defendant denies paragraph two.

3.     This defendant denies paragraph three.

4.     This defendant denies paragraph four.

5.     This defendant denies paragraph five.

6.     This defendant denies paragraph six.

7.     This defendant denies paragraph seven.

THIRD COUNT

1.     This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.     This defendant denies paragraph two.

3.     This defendant denies paragraph three.

4.      This defendant denies paragraph four.

5.      This defendant denies paragraph five.

6.      This defendant denies paragraph six.

7.      This defendant denies paragraph seven.

## FOURTH COUNT

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant denies paragraph two.

3.      This defendant denies paragraph three.

4.      This defendant denies paragraph four.

5.      This defendant denies paragraph five.

6.      This defendant denies paragraph six.

7.      This defendant denies paragraph seven.

8.      This defendant denies paragraph eight.

## FIFTH COUNT

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant denies paragraph two.

3.      This defendant denies paragraph three.

4.      This defendant denies paragraph four.

5.      This defendant denies paragraph five.

4

6.      This defendant denies paragraph six.

<u>SIXTH COUNT</u>

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant denies paragraph two.

3.      This defendant denies paragraph three.

4.      This defendant denies paragraph four.

5.      This defendant denies paragraph five.

<u>SEVENTH COUNT</u>

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant denies paragraph two.

3.      This defendant denies paragraph three.

4.      This defendant denies paragraph four.

5.      This defendant denies paragraph five.

6.      This defendant denies paragraph six.

7.      This defendant denies paragraph seven.

<u>EIGHTH COUNT</u>

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant denies paragraph two.

3.      This defendant denies paragraph three.

4.      This defendant denies paragraph four.

5.      This defendant denies paragraph five.

NINTH COUNT

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant denies paragraph two.

3.      This defendant denies paragraph three.

4.      This defendant denies paragraph four.

TENTH COUNT

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant denies paragraph two.

3.      This defendant denies paragraph three.

4.      This defendant denies paragraph four.

ELEVENTH COUNT

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant denies paragraph two.

3.      This defendant denies paragraph three.

4.      This defendant denies paragraph four.

6

<u>TWELFTH COUNT</u>

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant denies paragraph two.

3.      This defendant denies paragraph three.

<u>THIRTEENTH COUNT</u>

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      Paragraph two is admitted as to this defendant.

3.      This defendant denies paragraph three.

4.      This defendant denies paragraph four.

5.      This defendant denies paragraph five.

6.      This defendant denies paragraph six.

7.      This defendant denies paragraph seven.

8.      This defendant denies paragraph eight.

<u>FOURTEENTH COUNT</u>

1.      This defendant repeats its answer to Jurisdiction, Parties and the Prior Counts as though set forth at length herein.

2.      This defendant has no knowledge as to paragraph two.

3.      This defendant denies paragraph three.

7

## SEPARATE DEFENSES

1.      The Complaint fails to state a cause of action upon which relief may be granted.

2.      This defendant denies it was guilty of any negligence which was the proximate or producing cause of any injuries or damages alleged to have been sustained by plaintiffs.

3.      Any and all injuries and damages that may have been sustained by plaintiffs were caused solely by the negligence or other conduct of persons not under the control of this defendant.

4.      Any and all injuries and damages that may have been sustained by plaintiffs were caused solely by the negligence or other conduct of persons not under the control of this defendant.

5.      Any and all injuries and damages that may have been sustained by plaintiffs were caused by the conduct, including negligence, of plaintiffs.

6.      This defendant denies any breach of duty to plaintiffs.

7.      The intentional, unlawful, or criminal conduct of the plaintiffs is the direct and proximate cause of their damages, if any.

8.      This defendant denies the allegations of improper conduct, however, the alleged misconduct does not rise to the level of a constitutional violation.

9.      There was no willfulness on the part of this defendant regarding any of the improper acts alleged.

10.     This defendant's conduct was not the proximate cause of any of plaintiffs'

8

damages.

11.     All of the acts of this defendant were performed in good faith and therefore it is entitled to qualified immunity.

12.     All of the acts of this defendant were performed in an official capacity and this defendant had no personal animus towards plaintiffs and therefore all claims that this defendant acted in an individual capacity and with malice or ill will should be dismissed.

13.     This defendant did not act with a deliberate indifference to the rights of plaintiffs.

14.     This defendant had no malicious intent to cause a deprivation of plaintiffs' civil or constitutional rights.

15.     This defendant acted only in defendant's official capacity and had no personal involvement with plaintiffs, therefore any claim the defendant acted as an individual and with malice or ill will, should be dismissed.

16.     All the actions of this defendant were performed in defendant's official capacity, were based on probable cause, performed in good faith in an objectively reasonable manner, in accordance with the Rules, Regulations and Policies of the defendant, entitling defendant to qualified immunity.

17.     This defendant is entitled to absolute immunity.

18.     The claim is barred by the Doctrine of Res Judicata.

19.     The claim is barred by the Doctrine of Collateral Estoppel.

20.     The claim is barred by the Doctrine of Unclean Hands.

9

21.     The claim is barred by the Doctrine of Laches.

22.     This action has been commenced by plaintiffs in bad faith and with the intent to harass this defendant and cause the defendant the expense of defending this cause of action, and therefore the defendant will seek reimbursement of attorney's fees and costs pursuant to 42 U.S.C. Section 1988 and N.J.S.A. 2A:15-59.1.

23.     Punitive damages are not recoverable in this action.

24.     The imposition of punitive damages in this action would violate the United States' Constitution.

25.     The imposition of punitive damages in this action would violate the State Constitution.

26.     This defendant, within the contemplation of the New Jersey Tort Claims Act, is entitled to all provisions, immunities, exemptions and limitations of the Act.

27.     The cause of action is barred by the provisions of N.J.S.A. 59:1-1 et seq., the New Jersey Tort Claims Act.

28.     This defendant is immune from liability by virtue of N.J.S.A. 59:3-3.

29.     This defendant is immune from liability by virtue of N.J.S.A. 59:3-8.

30.     This defendant is immune from liability by virtue of N.J.S.A. 59:5-2.

31.     Claimants failed to comply with the conditions precedent for making claim against the defendant, by filing a claim in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-6, 59:8-7 and 59:8-8 and are barred from now making claim.

32.     Claimants have not met the threshold of N.J.S.A. 59:9-2.

33.     Any recoveries to which claimants may be entitled against this defendant are subject to the limitation on damages provided by N.J.S.A. 59:9-2.

34.     Any damages claimants may be entitled to must be diminished as to this defendant in proportion to the amount of fault attributable as provided by N.J.S.A. 59:9-4.

35.     Any claim asserted by claimants for punitive damages are barred against this defendant as provided by N.J.S.A. 59:9-2.

36.     Any individual defendant's liability is limited by virtue of N.J.S.A. 59:3-1.

37.     This defendant did not act pursuant to any official policy, custom, practice or scheme of their Department to deprive plaintiffs or others of their constitutional and civil rights.

38.     This defendants asserts that plaintiffs are not entitled to any relief, but plaintiffs' remedies are explicitly limited by the Fourth Amendment to the United States Constitution, the Civil Rights Act of 1866, as amended, 42 U.S.C. 1983 and 1985, et seq., and other statutes.

39.     The force utilized to arrest the plaintiff was justified to effectuate a lawful arrest and was neither excessive nor unreasonable.

40.     Any arrest was based on probable cause and was therefore lawful and any claims of false arrest, false imprisonment and malicious prosecution should be dismissed.

41.     Any use of force by this defendant was in self defense or to effectuate an arrest and detention.

11

42.     Any use of force by this defendant was not excessive, nor was it unreasonable.

43.     Any forced used by this defendant was in accordance with the law and defendant's training.

### ANSWER TO CROSSCLAIMS

Defendant, Middlesex County Correctional Facility, by way of Answer to any and all Crossclaims filed or to be filed against it, denies each and every allegation contained in any and all Crossclaims filed or to be filed against it, and leaves the codefendant Crossclaimant to its proofs as to all issues.

### DEMAND FOR STATEMENT OF DAMAGES

This defendant demands a written statement of the amount of damages claimed within five (5) days after service hereof.

### JURY DEMAND

This defendant hereby demands a trial by jury of six.

### CERTIFICATION

In accordance with Rule 4:5-1, we hereby certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that at this time no other parties should be joined in this action.

**Martin, Kane & Kuper**
Attorneys for defendant
Middlesex County Correctional Facility

**JOHN W. HARDING**

Dated:  March 16, 2007

12

## **CERTIFICATION OF SERVICE**

I, John W. Harding, Esq., hereby certify as follows:

1.    On this date, I electronically forwarded the within Answer to Amended Complaint to Clerk, United States District Court, Martin Luther King, Jr. Federal Building and Courthouse, 50 Walnut Street, PO Box 419, Newark, NJ 07101-0419 for filing.

2.    On this date, I filed said papers electronically which caused a copy of same to be served on all attorneys who have appeared and filed electronically in this case.

3.    On this date, I forwarded by first class US mail one copy of the within Answer to Amended Complaint to
        Robert D. Kobin, Esq.
        Nusbaum, Stein, Goldstein Bronstein and Kron
        20 Commerce Boulevard
        Succasunna, NJ 07876

4.    On this date, I forwarded one copy of the within Answer to Amended Complaint to
        The Honorable Madeline Cox Arelo, U.S.M.J.
        United States District Court
        U.S. Courthouse and P.O. Building, Federal Square
        PO Box 999
        Newark, NJ 07101-0999


**_Martin, Kane & Kuper_**
Attorneys for defendant
Middlesex County Correctional Facility

**_JOHN W. HARDING_**

Dated:  March 16, 2007

13