**Michael John Stone Esq.**
**The Stone Law Group**
20 Glenview Drive
Warren, New Jersey 07059
(908) 791-1110
Attorney for Defendant
Police Officer William C. Oels III

| | |
|---|---|
| BASSEM KANDIL AND FLORA KANDIL, his wife<br><br>                    Plaintiffs,<br>        vs.<br><br>POLICE OFFICER GARY YURKOVIC, POLICE OFFICER ANTHONY MARK ABODE, POLICE OFFICER WILLIAM C. OELS III, SERGEANT WILLIAM OELS, CHIEF OF POLICE, CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DEPARTMENT, MIDDLESEX COUNTY PROSECUTORS OFFICE, MIDDLESEX COUNTY CORRECTIONAL FACILITY, JOHN DOE SUPERVISING OFFICERS 1-10, JOHN DOES 1-10, ABC CORPS 1-10<br>                    Defendants, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>Case Number: 06-cv-4701 (JAG)<br><br>ANSWER TO AMENDED COMPLAINT<br>CROSSCLAIM<br>ANSWER TO CROSSCLAIMS<br>DEMAND FOR TRIAL BY JURY |

        Defendant, William C. Oels III, by way of Answer to the Amended Complaint, says:

**JURISDICTION**

1.      This defendant has insufficient knowledge and makes no response to paragraph One.

2.      This defendant admits paragraph Two.

3.      This defendant admits paragraph Three.

4.    This defendant denies paragraph Four.

## **PARTIES**

1.    Paragraph One is not directed at this defendant.

2.    Paragraph Two is not directed at this defendant.

3.    This defendant denies paragraph Three.

4.    Paragraph Four is not directed at this defendant.

5.    Paragraph Five is not directed at this defendant.

6.    Paragraph Six is not directed at this defendant.

7.    Paragraph Seven is not directed at this defendant.

8.    Paragraph Eight is not directed at this defendant.

9.    Paragraph Nine is not directed at this defendant.

10.   Paragraph Ten is not directed at this defendant.

11.   Paragraph Eleven is not directed at this defendant.

12.   Paragraph Twelve is not directed at this defendant.

13.   This defendant admits paragraph Thirteen.

14.   This defendant admits paragraph Fourteen.

## **AS TO THE FIRST COUNT**

(False Arrest/ False Imprisonment)

1.    This defendant repeats its answer to the parties section above as if set forth at length herein.

2.    This defendant denies paragraph Two.

3.    This defendant denies paragraph Three.

4.    This defendant admits paragraph Four.

5.    This defendant denies paragraph Five. .

6. This defendant denies paragraph Six.

7. This defendant denies paragraph Seven.

8. This defendant denies paragraph Eight.

9. This defendant denies paragraph Nine.

## AS TO THE SECOND COUNT

(Malicious Prosecution)

1. This defendant repeats its answer to the first Count as if set forth at length herein.

2. This defendant admits paragraph Two.

3. This defendant admits paragraph Three.

4. This defendant denies paragraph Four.

5. This defendant denies paragraph Five. .

6. This defendant denies paragraph Six.

7. This defendant denies paragraph Seven.

## AS TO THE THIRD COUNT

(Intentional Infliction of Emotional Distress)

1. This defendant repeats its answer to first and second Counts of the Amended Complaint as if set forth at length herein.

2. This defendant denies paragraph Two.

3. This defendant denies paragraph Three.

4. This defendant denies paragraph Four.

5. This defendant denies paragraph Five.

5. This defendant denies paragraph Five. .

6. This defendant denies paragraph Six.

7.     This defendant denies paragraph Seven.

## AS TO THE FOURTH COUNT

(Malicious Abuse of Process)

1.     This defendant repeats its answer to first, second and third Counts of the Amended Complaint as if set forth at length herein.

2.     This defendant denies paragraph Two.

3.     This defendant denies paragraph Three.

4.     This defendant denies paragraph Four.

5.     This defendant denies paragraph Five. .

6.     This defendant denies paragraph Six.

7.     This defendant denies paragraph Seven.

8.     This defendant denies paragraph Eight.

## AS TO THE FIFTH COUNT

(Tortuous Interference with Economic Advantage)

1.     This defendant repeats its answer to first, second, third and fourth Counts of the Amended Complaint as if set forth at length herein.

2.     This defendant denies paragraph Two.

3.     This defendant denies paragraph Three.

4.     This defendant denies paragraph Four.

5.     This defendant denies paragraph Five. .

6.     This defendant denies paragraph Six.

## AS TO THE SIXTH COUNT

(Negligent Training and Supervision)

1. This defendant repeats its answer to first, second, third, fourth and fifth Counts of the Amended Complaint as if set forth at length herein.

2. Paragraph Two is not directed at this defendant.

3. Paragraph Three is not directed at this defendant.

4. Paragraph Four is not directed at this defendant.

5. Paragraph Five is not directed at this defendant.

## AS TO THE SEVENTH COUNT

(Civil Conspiracy)

1. This defendant repeats its answer to first, second, third and fourth, fifth and sixth Counts of the Amended Complaint as if set forth at length herein.

2. This defendant denies paragraph Two.

3. This defendant denies paragraph Three.

4. This defendant denies paragraph Four.

5. This defendant denies paragraph Five. .

6. This defendant denies paragraph Six.

7. This defendant denies paragraph Seven.

## AS TO THE EIGHTH COUNT

(New Jersey Civil Rights Violations)

1. This defendant repeats its answer to first, second, third and fourth, fifth, sixth and seventh Counts of the Amended Complaint as if set forth at length herein.

2. This defendant denies paragraph Two.

3. This defendant denies paragraph Three.

4. This defendant denies paragraph Four.

5. This defendant denies paragraph Five.

## AS TO THE NINTH COUNT

(42 U.S.C. 1983 Violations)

1. This defendant repeats its answer to first, second, third and fourth, fifth, sixth, seventh and eighth Counts of the Amended Complaint as if set forth at length herein.

2. This defendant denies paragraph Two.

3. This defendant denies paragraph Three.

4. This defendant denies paragraph Four.

## AS TO THE TENTH COUNT

(42 U.S.C. 1985 Violations)

1. This defendant repeats its answer to first, second, third and fourth, fifth, sixth, seventh, eighth and ninth Counts of the Amended Complaint as if set forth at length herein.

2. This defendant denies paragraph Two.

3. This defendant denies paragraph Three.

4. This defendant denies paragraph Four.

5.

## AS TO THE ELEVENTH COUNT

(Excessive Force)

1. This defendant repeats its answer to first, second, third and fourth, fifth, sixth, seventh, eighth ninth and tenth Counts of the Amended Complaint as if set forth at length herein.

2. This defendant denies paragraph Two.

3. This defendant denies paragraph Three.

4. This defendant denies paragraph Four.

## AS TO THE TWELFTH COUNT

(Loss of Property)

1. This defendant repeats its answer to first, second, third and fourth, fifth, sixth, seventh, eighth ninth, tenth and eleventh Counts of the Amended Complaint as if set forth at length herein.

2. This defendant denies paragraph Two.

3. This defendant denies paragraph Three.

## AS TO THE THIRTEENTH COUNT

(Theft of Property)

1. This defendant repeats its answer to first, second, third and fourth, fifth, sixth, seventh, eighth ninth, tenth, eleventh and twelfth Counts of the Amended Complaint as if set forth at length herein.

2. Paragraph Two is not directed at this defendant.

3. Paragraph Three is not directed at this defendant.

4. Paragraph Four is not directed at this defendant.

5. Paragraph Five is not directed at this defendant.

6. Paragraph Six is not directed at this defendant.

7. Paragraph Seven is not directed at this defendant.

8. Paragraph Eight is not directed at this defendant.

## AS TO THE FOURTEENTH COUNT

(Loss of Consortium)

1. This defendant repeats its answer to first, second, third and fourth, fifth, sixth, seventh, eighth ninth, tenth, eleventh, twelfth and thirteenth Counts of the Amended Complaint as if set forth at length herein.

2. This defendant has insufficient knowledge and makes no response to paragraph Two.

3. This defendant denies paragraph Three.

**WHEREFORE**

This defendant denies plaintiff's demands as set forth in the first, second, third and fourth, fifth, sixth, seventh, eighth ninth, tenth, eleventh, twelfth, thirteenth and fourteenth Counts of the Amended Complaint for a civil penalty, statutory damages, nominal damages, compensatory damages, punitive damages, interest, counsel fees, costs of suit, costs of suit pursuant to 42 U.S.C. 1988, and any other relief the Court deems just.

**SEPARATE DEFENSES**

1. If the Plaintiff suffered damages or injuries, the same were caused by the Plaintiff's sole conduct.

2. If the Plaintiff suffered damages or injuries, the same were caused by the Plaintiff's contributory conduct.

3. If the Plaintiff suffered damages or injuries, the same were caused by third persons over whom this Defendant had no control.

4. The incident which forms the basis of this litigation and which allegedly caused the damages or injuries to Plaintiff was proximately caused or contributed to by the fault of other parties. The responsibility of this Defendant and the right of Plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to this litigation have been determined. Accordingly, this Defendant seeks an adjudication of the percentage of fault of the Plaintiff and each and every person whose fault contributed to this incident.

5. Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

6.     The Plaintiff's cause of action is barred by the applicable Statute of Limitations and/or Repose.

7.     The Defendant did not violate any duty owed to the Plaintiff under common law, statute, regulations or standards.

8.     The Defendant's conduct was not improper or negligent.

9.     The Defendant's conduct was not the proximate cause of the Plaintiff's alleged damages or injuries.

10.     Plaintiff was negligent, barring or limiting recovery in whole or in part, and this Defendant pleads the Comparative Negligence Statute.

11.     The alleged damages or injuries complained of were due to unavoidable circumstances and causes beyond the control or fault of this Defendant.

12.     The intentional, unlawful or criminal conduct of the plaintiff is the direct and proximate cause of damages, if any.

13.     This action is governed by the provisions of <u>N.J.S.A.</u> 59:1-1, <u>et</u> <u>seq</u>.

14.     This Defendant is immune from suit by virtue of the applicable Statutes of the State of New Jersey.

15.     This action is barred by reason of the substantive provisions of <u>N.J.S.A.</u> 59:1-1 <u>et</u> <u>seq</u>., providing for immunity to this Defendant under the facts and circumstances as pleaded.

16.     This Defendant expressly and specifically reserves and impleads any and all rights, remedies and immunities pursuant to the provisions of the New Jersey Tort Claims Act, <u>N.J.S.A.</u> 59:1-1, <u>et seq.</u> and, as such, the Plaintiff is barred from recovery.

17.     This Defendant asserts all of the immunities, rights and privileges afforded by the Tort Claims Act, <u>N.J.S.A.</u> 59:1-1 et seq., including but not limited to Sections 2-2, 2-3, 2-6, 2-7, 3-1, 3-2, 3-3, 3-4, 3-5, 3-7, 3-8, 3-10, 4-1, 4-2, 4-3, 4-4, 4-5, 4-6, 4-7, 4-8, 4-9, 5-4, 8-3, 8-4, 8-5, 8-6, 8-7, 8-8, 8-10, 9-2, 9-3, 9-4 and 9-6.

18. This action is barred by reason of the procedural provisions of N.J.S.A. 59:1-1 et seq., in that Plaintiff did not comply with the preconditions to filing suit.

19. Any action or failure to act on the part of these Defendants was in the nature of the discretionary activity within the meaning of N.J.S.A. 59:2-3 and, accordingly, no liability may be imposed upon these Defendants.

20. Plaintiff is barred from recovery for failure to present and otherwise file a Notice of Claim within the time, form and place as required by Chapter 8 of Title 59 of the New Jersey Revised Statutes and, as such, this Defendant is immune from liability and the Plaintiff is barred from recovery.

21. This Defendant is immune from any prejudgment interest in the event of judgment pursuant to Chapter 9, Section 2, of Title 59 of the New Jersey Revised Statutes.

22. This Defendant is immune from liability for any damages for pain and suffering pursuant to N.J.S.A. 59:9-2(d).

23. This Defendant impleads and is entitled to a credit for any benefits paid to the Plaintiff pursuant to N.J.S.A. 59:9-2(e).

24 All of the acts of the defendant were performed in good faith and therefore the defendant is entitled to qualified immunity.

25. This defendant is entitled to absolute immunity.

26. Plaintiffs claims against this Defendant are barred because the State of New Jersey and/or local authorities directed, supervised, ratified, and otherwise regulated all actions of this Defendant which are the subject of the Complaint.

27. This Defendant denies that Plaintiff has suffered any losses or damages or injuries; in any event, any losses or damages or injuries sustained by Plaintiff are de minimis, remote, speculative, and/or transient and, hence, are not cognizable at law.

28. Plaintiff's claim is barred by the doctrines of res judicata.

29. Plaintiff's Complaint is barred by the Doctrine of Unclean Hands.

30.     Pursuant to Rule 1:4-8 the plaintiff's claims are frivolous and the Defendant should be entitled to damages for defending same.

31.     This Defendant reserves the right to apply to the Court for the imposition of sanctions against the Plaintiff pursuant to Rule 11 of the F.R.C.P.

32.     This Defendant specifically denies being liable for punitive damages.

33.     This Defendant denies the applicability of punitive damage theories under the facts of this litigation and, in any event, denies it is so liable under said theories.

34.     Punitive damages may not be awarded against this Defendant and are inappropriate and not recoverable under the facts of this case and should be dismissed.

35.     All of the acts of this defendant were performed in good faith and in compliance with his duties as a representative for the City of New Brunswick and therefore all claims that the defendant is liable in his individual capacity and responsible for punitive damages should be dismissed.

36.     This defendant asserts plaintiff is not entitled to any relief, but asserts that plaintiff's remedies are explicitly limited by the Fourth Amendment to the United States Constitution, by the Civil Rights Act of 1866, as amended 42 U.S.C. Sections 1983 and 1985, et. seq. including 42 U.S.C. 1985 (3), and other statutes applicable to this cause of action.

37.     This defendant asserts plaintiff is not entitled to any relief, but asserts that plaintiff's remedies are explicitly limited by the New Jersey Law Against Discrimination, the New Jersey Civil Rights Act, the New Jersey Tort Claims Act N.J.S.A. 59:1-1, Article 1, paragraph 1 and 7 of the New Jersey Constitution and other statutes applicable to this cause of action.

38.     This action has been commenced by plaintiff in bad faith and with the intent to harass this defendant and cause this defendant great sums of money to defend this cause of action, and therefore this defendant will seek reimbursement of its attorneys fees and costs pursuant to 42 U.S.C. Section 1988.

39.     This action has been commenced by plaintiff in bad faith and with the intent to harass this defendant and cause this defendant great sums of money to defend this cause of action, and therefore this defendant will seek reimbursement of its attorneys fees and costs pursuant to N.J.S.A. 2A:15-59.1.

40.     If the Plaintiff suffered damages, the same were caused by the negligence of the Plaintiff and/or Co-Defendant(s), either jointly, severally or in the alternative, and any recovery to which the Plaintiff would otherwise be entitled as against this Defendant must be reduced by the application of the standard of comparative negligence set forth in N.J.S.A. 2A:15-5.1 et seq.

41.     This defendants actions were based on probable cause and were therefore lawful and plaintiff's allegations of false imprisonment and false arrest should be dismissed.

42.     The plaintiff has not suffered economic damages.

43.     Defendant William C. Oels III did not use unnecessary or excessive force in violation of the Plaintiff's civil rights and /or constitutional rights.

44.     All of the acts of this defendant were performed in good faith and in compliance with his duties as a representative for the City of New Brunswick Police Department and therefore all claims that the defendant is liable in his individual capacity and responsible for punitive damages should be dismissed.

45      No malicious intent of causing a deprivation of the Plaintiff's civil rights and/or constitutional rights has been factually set out against the Defendant.

46.     There was no intentional substantive conspiracy to violate Plaintiff's Constitutional rights.

47.     Plaintiff is estopped from asserting any claim with respect to the issue of probable cause of Plaintiff's arrest based upon indictment of the underlying charges.

48.     This Defendant's actions do not constitute malicious prosecution.

49.     The Plaintiff lacks standing to sue in this action.

50. The Plaintiff's Complaint is barred by reason of the Doctrine of Accord and Satisfaction pursuant to the Release and Hold Harmless Agreement executed by Plaintiff dated March 20, 2007.

51. Plaintiff's Complaint is barred by the Doctrine of Collateral Estoppel.

52. Plaintiff's Complaint is barred by the Doctrine of Unclean Hands.

53. Plaintiff's Complaint is barred in whole or in part by the Doctrine of Waiver.

54. Plaintiff's Complaint is barred in whole or in part by the Doctrine of Estoppel.

55. Plaintiff's Complaint is barred in whole or in part pursuant to the terms and conditions of the Release and Hold Harmless Agreement executed by Plaintiff dated March 20, 2007 wherein Plaintiff stipulates not to sue defendants as a condition to receiving PTI for his pending criminal charges.

56. Plaintiff's counsel willfully, intentionally and knowingly filed this action in contravention to the Release and Hold Harmless Agreement executed by Plaintiff dated March 20, 2007. This defendant reserves the right to seek Rule 11 sanctions for the improper actions of Plaintiff and Plaintiff's counsel.

**CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION**

The Defendant, William C. Oels III, by way of Crossclaims against the Co-Defendant(s), Middlesex County Prosecutors Office says:

**FIRST COUNT**
Although the Defendant, William C. Oels III, denies any liability whatsoever, he nonetheless asserts that any and all injuries and damages sustained by the Plaintiff were the proximate result of the negligence of the Co-Defendant(s) and demand contribution pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act of New Jersey from the Co-Defendant(s), Middlesex County Prosecutors Office for the proportionate share of any and all sums that may be adjudged against this Defendant in this action.

WHEREFORE, Defendant, William C. Oels III, demands a judgment of contribution from the Co-Defendant(s), Middlesex County Prosecutors Office

together with interest, attorney's fees, costs of suit, and such other relief, as this Court deems appropriate and equitable.

### SECOND COUNT

Defendant, William C. Oels III, repeats and realleges each and every allegation contained in the First Count as if the same were more fully set forth at length herein and made a part hereof.

Although the Defendant, William C. Oels III, denies any liability whatsoever, he nonetheless asserts that any and all injuries and damages sustained by the Plaintiff were the proximate result of the negligence of Defendant(s), Middlesex County Prosecutors Office which negligence was primary and active, and if this Defendant is found liable to the Plaintiff with respect to said injuries and damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and Co-Defendant aforesaid is liable to this Defendant, by way of common law indemnification, for any and all sums which this Defendant may be required to pay in this action.

WHEREFORE, Defendant, William C. Oels III, demands judgment, by way of full indemnification, against the Co-Defendant(s) Middlesex County Prosecutor's Office for any and all sums which this Defendant may be required to pay in this action, together with interest, attorney's fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

### CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

Defendant, William C. Oels III, individually and in his official capacity, while denying all claims asserted by plaintiff, asserts that all of his actions were performed in the course of his duties as a representative for the City of New Brunswick and City of New Brunswick Police Department and therefore he demands that his defense of this action and that any judgment or damages returned against this defendant in this action be indemnified by the defendant City of New Brunswick and City of New Brunswick Police Department  pursuant to his contract of employment with the City of New Brunswick and City of New Brunswick Police Department.

### ANSWER TO CROSSCLAIM

Defendant, William C. Oels III, individually and in his official capacity, by way of Answer to any and all Crossclaims filed or to be filed against it, says:

This defendant denies each and every allegation contained in any and all Crossclaims filed or to be filed against it, and leaves the co-defendant-crossclaimant to its proofs as to all issues.

**DEMAND FOR TRIAL BY JURY**
Defendant demands a trial by jury of Six (6).

**CERTIFICATION**
In accordance with *Civ. Rule* 11.2, I hereby certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that at this time no other parties should be joined in this action.

By:/s/ *Michael John Stone*
MICHAEL JOHN STONE
THE STONE LAW GROUP
Attorney for defendant William C. Oels III,
Individually and in his official capacity

**CERTIFICATION OF ELECTRONIC FILING**
I, MICHAEL JOHN STONE, certify as follows:

1.      On May 14, 2007 I electronically filed with signature, the original of the within Answer with the United States District Court, at www.njd.uscourts.gov.

By:/s/ *Michael John Stone*
MICHAEL JOHN STONE
THE STONE LAW GROUP
Attorney for defendant William C. Oels III,
Individually and in his official capacity

**CERTIFICATION OF MAILING**
I, MICHAEL JOHN STONE, certify as follows:

1.      On May 14, 2007 I forwarded one copy of the within Answer to Robert D. Kobin, Nusbaum, Stein, Goldstein, Bronstein & Kron, 20 Commerce Boulevard,

Succasunna, New Jersey 07876 .

2.	On May 14, 2007 I forwarded one copy of the within Answer to Gary S. Spagnola, Esq., Golden, Rothschild, Spagnola, Lundell, Levitt and Boylan, 1011 Route 22 West, Suite 300, Box 6881, Bridgewater, New Jersey  08807.

3.	On May 14, 2007 I forwarded one copy of the within Answer to William T. Connell, Dwyer, Connell and Lisbona, 100 Passaic Avenue, Fairfield, New Jersey 07004.

4.	On  May 14, 2007 I forwarded one copy of the within Answer to Susan K. O'Connor, Esq., Hoagland, Longo, Moran, Dunst and Doukas, Esq., 40 Paterson Street, P.O.Box 480, New Brunswick, New Jersey 08903.

5.	On  May 14, 2007 I forwarded one copy of the within Answer to Ellen M. Hale, Office of the NJ Attorney General, 25 Market Street, P.O.Box 112, Trenton, New Jersey 08625.

By: /s/ Michael John Stone
MICHAEL JOHN STONE
THE STONE LAW GROUP
Attorney for defendant William C. Oels III,
Individually and in his official capacity