HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
40 Paterson Street, P.O. Box 480
New Brunswick, NJ 08903
(732) 545-4717
Attorneys for Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK, NEW JERSEY

| | |
|---|---|
| Plaintiff(s),<br><br>BASSEM KANDIL AND FLORA KANDIL, HIS WIFE<br><br>vs.<br><br>Defendant(s),<br><br>POLICE OFFICER GARY YURKOVIC, POLICE OFFICER ANTHONY MARK ABODE, POLICE OFFICER WILLIAM C. OELS, III, SERGEANT WILLIAM OELS, CHIEF OF POLICE, CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DEPARTMENT, MIDDLESEX COUNTY PROSECUTOR'S OFFICE, MIDDLESEX COUNTY CORRECTIONAL FACILITY, JOHN DOE SUPERVISING OFFICERS 1-10, JOHN DOES 1-10, ABC CORPS. 1-10 | CIVIL ACTION NO: 06CV4701 (JAG)<br><br>**AMENDED ANSWER TO AMENDED COMPLAINT, SEPARATE DEFENSES, CROSSCLAIMS, ANSWER TO ALL CROSSCLAIMS, REQUEST FOR DISCOVERY, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND AND REQUEST FOR WRITTEN STATEMENT OF DAMAGES CLAIMED**<br><br>**ANSWER ELECTRONICALLY FILED** |

These Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, by way of Amended Answer to Plaintiffs' Amended Complaint, say:

**JURISDICTION**

1.     These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph one.

2.     These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph two.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

3.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph three.

4.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph four.

## THE PARTIES

1.      These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

2.      These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

3.      These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

4.      These Defendants deny the allegations contained in paragraph four.

5.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph five.

6.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph six.

7.      These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

8.      These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

9.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph nine.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

10.    These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

11.    These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

12.    These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

13.    These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph thirteen.

14.    These Defendants deny the allegations contained in paragraph fourteen.

## FIRST COUNT

1.    These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.    These Defendants deny the allegations contained in paragraph two.

3.    These Defendants deny the allegations contained in paragraph three.

4.    These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph four.

5.    These Defendants deny the allegations contained in paragraph five.

6.    These Defendants deny the allegations contained in paragraph six.

7.    These Defendants deny the allegations contained in paragraph seven.

8.    These Defendants deny the allegations contained in paragraph eight.

9.    These Defendants deny the allegations contained in paragraph nine.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

## SECOND COUNT

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph two.

3.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph three.

4.      These Defendants deny the allegations contained in paragraph four.

5.      These Defendants deny the allegations contained in paragraph five.

6.      These Defendants deny the allegations contained in paragraph six.

7.      These Defendants deny the allegations contained in paragraph seven.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

## THIRD COUNT

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

4.      These Defendants deny the allegations contained in paragraph four.

5.      These Defendants deny the allegations contained in paragraph five

6.      These Defendants deny the allegations contained in paragraph six.

7.      These Defendants deny the allegations contained in paragraph seven.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

## FOURTH COUNT

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

4.      These Defendants deny the allegations contained in paragraph four.

5.      These Defendants deny the allegations contained in paragraph five.

6.      These Defendants deny the allegations contained in paragraph six.

7.      These Defendants deny the allegations contained in paragraph seven.

8.      These Defendants deny the allegations contained in paragraph eight.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

## FIFTH COUNT

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

4.      These Defendants deny the allegations contained in paragraph four.

5.      These Defendants deny the allegations contained in paragraph five.

6.      These Defendants deny the allegations contained in paragraph six.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

**SIXTH COUNT**

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

4.      These Defendants deny the allegations contained in paragraph four.

5.      These Defendants deny the allegations contained in paragraph five.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

**SEVENTH COUNT**

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

4.      These Defendants deny the allegations contained in paragraph four.

5.      These Defendants deny the allegations contained in paragraph five.

6.      These Defendants deny the allegations contained in paragraph six.

7.      These Defendants deny the allegations contained in paragraph seven.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

**EIGHTH COUNT**

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

4.      These Defendants deny the allegations contained in paragraph four.

5.      These Defendants deny the allegations contained in paragraph five.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

## NINTH COUNT

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

4.      These Defendants deny the allegations contained in paragraph four.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

## TENTH COUNT

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

4.      These Defendants deny the allegations contained in paragraph four.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

**ELEVENTH COUNT**

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

4.      These Defendants deny the allegations contained in paragraph four.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

**TWELFTH COUNT**

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

**THIRTEENTH COUNT**

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph two.

3.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph three.

4.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph four.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

5.      These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

6.      These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

7.      These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

8.      These Defendants make no answer, as the allegations contained in this paragraph do not apply to these Defendants, however, deny the allegations of this paragraph as they may be deemed related to these Defendants.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

## **FOURTEENTH COUNT**

1.      These Defendants repeat and reiterate each and every response to the prior allegations as if same were set forth herein at length.

2.      These Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph two.

3.      These Defendants deny the allegations contained in paragraph three.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment dismissing the Complaint, together with costs and counsel fees.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

### FIRST SEPARATE DEFENSE

If the Plaintiffs suffered damages, the same were caused by the Plaintiffs' sole negligence.

### SECOND SEPARATE DEFENSE

If the Plaintiffs suffered damages, the same were caused by the Plaintiffs' contributory negligence.

### THIRD SEPARATE DEFENSE

If the Plaintiffs suffered damages, the same were caused by third persons over whom these Defendants had no control.

### FOURTH SEPARATE DEFENSE

The incident which forms the basis of this litigation and which allegedly caused the injuries and damages to Plaintiffs was proximately caused or contributed to by the fault of third parties not parties to this suit.  The responsibility of these Defendants and the right of Plaintiffs to recover in this litigation can only be determined after the percentages of responsibility of all parties to this litigation have been determined.  Accordingly, these Defendants seek an adjudication of the percentage of fault of the Plaintiffs and each and every person whose fault contributed to this incident.

### FIFTH SEPARATE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### SIXTH SEPARATE DEFENSE

The Plaintiffs' cause of action is barred by the applicable Statute of Limitations and/or Repose.

### SEVENTH SEPARATE DEFENSE

These Defendants did not violate any duty owed to the Plaintiffs under common law, statute, regulations or standards.

### EIGHTH SEPARATE DEFENSE

These Defendants' conduct was not negligent.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

**NINTH SEPARATE DEFENSE**

These Defendants' conduct was not the proximate cause of the Plaintiffs' alleged damages.

**TENTH SEPARATE DEFENSE**

At the time and place aforesaid, Plaintiffs and/or Co-Defendant(s) were negligent, barring or limiting recovery in whole or in part, and these Defendants plead the Comparative Negligence Statute as to all parties.

**ELEVENTH SEPARATE DEFENSE**

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of these Defendants.

**TWELFTH SEPARATE DEFENSE**

These Defendants have no policy, scheme, practice nor custom to violate the constitutional rights of any of their citizens, irrespective of their ethnic backgrounds, nor do these Defendants have a custom, policy, scheme or practice to tolerate or permit violation of constitutional rights.

**THIRTEENTH SEPARATE DEFENSE**

These Defendants, deny the allegations of improper conduct as set forth in the Plaintiffs' Complaint; however, the alleged misconduct does not rise to the level of a Constitutional violation.

**FOURTEENTH SEPARATE DEFENSE**

These Defendants in carrying out their duties acted in good faith and without malicious intent to deprive Plaintiffs of their Constitutional rights.

**FIFTEENTH SEPARATE DEFENSE**

No malicious intent of causing a deprivation of Plaintiffs' Constitutional rights has been factually set out against these Defendants.

**SIXTEENTH SEPARATE DEFENSE**

At all times alleged, these Defendants followed plans, specifications and contracts set by a governmental body and did not deviate from said plans, contracts and specifications and, therefore, is cloaked with immunity.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

### SEVENTEENTH SEPARATE DEFENSE

Plaintiffs have failed to exhaust all applicable administrative remedies and are therefore barred from recovery.

### EIGHTEENTH SEPARATE DEFENSE

These Defendants, reserve the right to apply to this Court for the imposition of sanctions against the Plaintiffs and counsel, pursuant to Rule 11, and to make an application for counsel fees and costs of suit, pursuant to Section 1988 of Title 42 of the United States Code Annotated on the basis that the within cause of action is without merit, is frivolous and has been instituted by the Plaintiffs in bad faith and with the intent to harass these Defendants and to cause themselves to incur great expenses in defense of same, all to these Defendants' damage.

### NINETEENTH SEPARATE DEFENSE

If the Plaintiffs suffered damages, the same were caused by the negligence of the Co-Defendant(s) and any recovery to which the Plaintiffs would otherwise be entitled as against these Defendants must be reduced by the application of the standard of comparative negligence set forth in N.J.S.A. 2A:15-5.1 et seq.

### TWENTIETH SEPARATE DEFENSE

If the Plaintiffs suffered injuries or damages, the same were caused by the Co-Defendant(s), either jointly, severally or in the alternative, and any recovery to which the Plaintiffs would otherwise be entitled as against these Defendants must be reduced by the application of the standard of comparative negligence set forth in N.J.S.A. 2A:15-5.1, et seq.

### TWENTY-FIRST SEPARATE DEFENSE

If the Plaintiffs suffered damages, the same were caused by the negligence, breach of contract or breach of express or implied warranty of the Co-Defendant(s), jointly, severally or in the alternative.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

### TWENTY-SECOND SEPARATE DEFENSE

These Defendants' conduct did not deprive Plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiffs' procedural due process was satisfied.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiffs fail to establish a prima facie case of violation of 42 U.S.C. 1983.

### TWENTY-FIFTH SEPARATE DEFENSE

There was no intentional substantive conspiracy to violate Plaintiffs' Constitutional rights.

### TWENTY-SIXTH SEPARATE DEFENSE

These Defendants are entitled to the defense of qualified immunity.

### TWENTY-SEVENTH SEPARATE DEFENSE

The Complaint fails to state a cause of action against these Defendants.

### TWENTY-EIGHTH SEPARATE DEFENSE

Any injury occurring to the Plaintiffs was the direct and proximate result of the Plaintiffs' own conduct.

### TWENTY-NINTH SEPARATE DEFENSE

These Defendants, if involved at all, acted within the scope of their authority and in good faith in the performance of their duties.

### THIRTIETH SEPARATE DEFENSE

These Defendants, if involved at all, acted reasonably and properly under the circumstances.

### THIRTY-FIRST SEPARATE DEFENSE

These Defendants had no direct and personal participation in the alleged occurrence.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

## THIRTY-SECOND SEPARATE DEFENSE

No malicious intent of causing a deprivation of the Plaintiffs' civil rights and/or constitutional rights has been factually set out against these Defendants.

## THIRTY-THIRD SEPARATE DEFENSE

These Defendants were under a legal duty to arrest Plaintiffs.

## THIRTY-FOURTH SEPARATE DEFENSE

All of the actions of these Defendants were performed in good faith and in the performance of their duties, and they are, therefore, entitled to qualified immunity.

## THIRTY-FIFTH SEPARATE DEFENSE

These Defendants acted at all times with probable cause.

## THIRTY-SIXTH SEPARATE DEFENSE

Venue of this action is improper and these Defendants reserve the right to move for transfer.

## THIRTY-SEVENTH SEPARATE DEFENSE

These Defendants reserve the right to move for a dismissal of the Plaintiffs' Complaint pursuant to Rules 4:4-1 and 4:37-2.

## THIRTY-EIGHTH SEPARATE DEFENSE

Any claim of Plaintiffs is the direct result of actions of other unnamed Defendants over whom these Defendants have no control.

## THIRTY-NINTH SEPARATE DEFENSE

These Defendants expressly and specifically reserve and implead any and all rights, remedies and immunities pursuant to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:9-2(c), et seq., and as such, the Plaintiffs are barred from recovery.

## FORTIETH SEPARATE DEFENSE

These Defendants are immune from any prejudgment interest in the event of a judgment pursuant to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:9-2.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

### FORTY-FIRST SEPARATE DEFENSE

The conduct of these Defendants in apprehending the Plaintiffs were reasonable and proper.

### FORTY-SECOND SEPARATE DEFENSE

There was no willfulness involved in any of the events involving the factual basis upon which the suit is based.

### FORTY-THIRD SEPARATE DEFENSE

These Defendants acted on reasonable grounds and without malice and, therefore, is not answerable to the Plaintiffs in damages.

### FORTY-FOURTH SEPARATE DEFENSE

Any action or failure to act on the part of these Defendants, was in the nature of the discretionary activity within the meaning of N.J.S.A. 59:2-3 and, accordingly, no liability may be imposed upon these Defendants.

### FORTY-FIFTH SEPARATE DEFENSE

These Defendants are entitled to absolute immunity.

### FORTY-SIXTH SEPARATE DEFENSE

Plaintiffs are estopped from asserting any claim with respect to the issue of probable cause of Plaintiffs' arrest based upon indictment of the underlying charges.

### FORTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' claim is barred by the doctrines of res judicata and collateral estoppel.

### FORTY-EIGHTH SEPARATE DEFENSE

Pursuant to N.J.S.A. 2A:15-59.1, this matter is a frivolous suit and these Defendants should be entitled to damages for defending same.

### FORTY-NINTH SEPARATE DEFENSE

This suit is barred by the Doctrine of Laches and Estoppel.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

### FIFTIETH SEPARATE DEFENSE

These Defendants deny that any of their actions were malicious or reckless.

### FIFTY-FIRST SEPARATE DEFENSE

Plaintiffs' claims against these Defendants are barred because the State of New Jersey and/or local authorities directed, supervised, ratified, and otherwise regulated all actions of these Defendants which are the subject of the Complaint.

### FIFTY-SECOND SEPARATE DEFENSE

The business of these Defendants is in the public interest, convenience, and necessity, and it is operated and conducted in compliance with the law.

### FIFTY-THIRD SEPARATE DEFENSE

These Defendants deny that Plaintiffs have suffered any losses or damages; in any event, any losses or damages sustained by Plaintiffs are de minimis, remote, speculative, and/or transient and, hence, are not cognizable at law.

### FIFTY-FOURTH SEPARATE DEFENSE

Plaintiffs failed to mitigate any damages allegedly sustained by them.

### FIFTY-FIFTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred by the Doctrine of Collateral Estoppel.

### FIFTY-SIXTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the Doctrine of Waiver.

### FIFTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the Doctrine of Estoppel.

### FIFTY-EIGHTH SEPARATE DEFENSE

These Defendants did not misuse the police process.

### FIFTY-NINTH SEPARATE DEFENSE

These Defendants did not fail to regulate and supervise.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

## SIXTIETH SEPARATE DEFENSE

These Defendants did not hire negligently.

## SIXTY-FIRST SEPARATE DEFENSE

These Defendants did not fail to instruct, supervise, control & discipline.

## SIXTY-SECOND SEPARATE DEFENSE

These Defendants did not abuse their power.

## SIXTY-THIRD SEPARATE DEFENSE

These Defendants did not engage in extreme and outrageous conduct.

## SIXTY-FOURTH SEPARATE DEFENSE

These Defendants' actions do not constitute malicious prosecution.

## SIXTY-FIFTH SEPARATE DEFENSE

Plaintiffs' claim for punitive damages is unconstitutional.

## SIXTY-SIXTH SEPARATE DEFENSE

Plaintiffs' claim for punitive damages violates these Defendants' right to protection for "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New Jersey and violates these Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New Jersey.  Therefore, Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

## SIXTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' claim for punitive damages violates these Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New Jersey and, therefore, fails to state a cause of action upon which relief can be granted.

## SIXTY-EIGHTH SEPARATE DEFENSE

These Defendants specifically deny being liable for punitive damages.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

**SIXTY-NINTH SEPARATE DEFENSE**

These Defendants deny the applicability of punitive damage theories under the facts of this litigation and, in any event, deny they are so liable under said theories.

**SEVENTIETH SEPARATE DEFENSE**

Punitive damages may not be awarded against these Defendants and are inappropriate and not recoverable under the facts of this case and should be dismissed.

**SEVENTY-FIRST SEPARATE DEFENSE**

Pursuant to N.J.S.A. 2A:15-5.13 Defendants hereby demand a bifurcated trial as to the issues of compensatory and punitive damages.

**SEVENTY-SECOND SEPARATE DEFENSE**

Plaintiffs' claim for punitive damages must be dismissed because Plaintiffs cannot prove by clear and convincing evidence that Defendants' acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.

**SEVENTY-THIRD SEPARATE DEFENSE**

These Defendants plead all the limitations and conditions as stated in the Punitive Damage Act, 2A:15-5.9 et seq.

**SEVENTY-FOURTH SEPARATE DEFENSE**

There was insufficiency of process as to these Defendants.

**SEVENTY-FIFTH SEPARATE DEFENSE**

There was insufficiency of service of process as to these Defendants.

**SEVENTY-SIXTH SEPARATE DEFENSE**

The Court lacks jurisdiction over the person of these Defendants.

**SEVENTY-SEVENTH SEPARATE DEFENSE**

The Court lacks jurisdiction over the subject matter of this action.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

### SEVENTY-EIGHTH SEPARATE DEFENSE

This action is governed by the provisions of <u>N.J.S.A.</u> 59:1-1, <u>et</u> <u>seq</u>.

### SEVENTY-NINTH SEPARATE DEFENSE

These Defendants are immune from suit by virtue of the applicable Statutes of the State of New Jersey.

### EIGHTIETH SEPARATE DEFENSE

This action is barred by reason of the substantive provisions of <u>N.J.S.A.</u> 59:1-1 <u>et</u> <u>seq.</u>, providing for immunity to these Defendants under the facts and circumstances as pleaded.

### EIGHTY-FIRST SEPARATE DEFENSE

These Defendants expressly and specifically reserve and implead any and all rights, remedies and immunities pursuant to the provisions of the New Jersey Tort Claims Act, <u>N.J.S.A.</u> 59:1-1, <u>et seq.</u> and, as such, the Plaintiffs are barred from recovery.

### EIGHTY-SECOND SEPARATE DEFENSE

These Defendants assert all of the immunities, rights and privileges afforded by the Tort Claims Act, <u>N.J.S.A.</u> 59:1-1 et seq., including but not limited to Sections 2-2, 2-3, 2-6, 2-7, 3-1, 3-2, 3-3, 3-4, 3-5, 3-7, 3-8, 3-10, 4-1, 4-2, 4-3, 4-4, 4-5, 4-6, 4-7, 4-8, 4-9, 5-4, 8-3, 8-4, 8-5, 8-6, 8-7, 8-8, 8-10, 9-2, 9-3, 9-4 and 9-6.

### EIGHTY-THIRD SEPARATE DEFENSE

This action is barred by reason of the procedural provisions of <u>N.J.S.A.</u> 59:1-1 et seq., in that Plaintiffs did not comply with the preconditions to filing suit.

### EIGHTY-FOURTH SEPARATE DEFENSE

The Plaintiffs failed to properly comply with the notice provisions of the Tort Claims Act.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

### EIGHTY-FIFTH SEPARATE DEFENSE

Plaintiffs are barred from recovery for failure to present and otherwise file a Notice of Claim within the time, form and place as required by Chapter 8 of Title 59 of the New Jersey Revised Statutes and, as such, these Defendants are immune from liability and the Plaintiffs are barred from recovery.

### EIGHTY-SIXTH SEPARATE DEFENSE

These Defendants are immune from any prejudgment interest in the event of judgment pursuant to Chapter 9, Section 2, of Title 59 of the New Jersey Revised Statutes.

### EIGHTY-SEVENTH SEPARATE DEFENSE

These Defendants are immune from liability for any damages for pain and suffering pursuant to N.J.S.A. 59:9-2(d).

### EIGHTY-EIGHTH SEPARATE DEFENSE

These Defendants implead and are entitled to a credit for any benefits paid to the Plaintiffs pursuant to N.J.S.A. 59:9-2(e).

### EIGHTY-NINTH SEPARATE DEFENSE

The Plaintiffs' Complaint is barred by reason of the Doctrine of Accord and Satisfaction.

### NINETIETH SEPARATE DEFENSE

Plaintiffs are estopped from pursuing any and all claims against these Defendants as a result of the execution of a Release and Hold Harmless Agreement executed by the Plaintiff on March 20, 2007.

### NINETY-FIRST SEPARATE DEFENSE

The Plaintiffs are barred from recovery due to the terms and conditions delineated in the Release and Hold Harmless Agreement dated March 20, 2007, executed by the Plaintiff, wherein Plaintiffs released and gave up any and all claims and rights against these Defendants, arising out of an incident which occurred on October 1, 2004, as more particularly alleged in the within lawsuit.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

## NINETY-SECOND SEPARATE DEFENSE

The Plaintiffs willfully, intentionally, and deliberately failed to dismiss the within cause of action in direct contravention of the Release and Hold Harmless Agreement, which Plaintiff executed on March 20, 2007.  These Defendants preserve the right to seek sanctions in accordance with F.R.C.P. 11 since this cause of action was instituted in bad faith.

## NINETY-THIRD SEPARATE DEFENSE

The Plaintiffs executed a Release and Hold Harmless Agreement, in favor of these Defendants, on or about March 20, 2007 wherein the same was a condition precedent for a resultant plea bargain and/or admission into a Pretrial Intervention Program for the resultant underlying criminal charges.  In accordance with the same, Plaintiffs agreed to release any and all claims arising from an incident which occurred on October 1, 2004, as more particularly alleged in the within cause of action, however, have failed to dismiss the same in direct contravention of the said Release and Hold Harmless Agreement.

## CROSSCLAIMS

These Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, by way of Crossclaims against the Co-Defendant(s), Middlesex County Prosecutor's Office and Middlesex County Correctional Facility, say:

## FIRST COUNT

1.  Although these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, deny any liability whatsoever, they nonetheless assert that any and all injuries and damages sustained by the Plaintiffs were the proximate result of the negligence of the Co-Defendant(s) and demand contribution pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act of New Jersey from the Co-Defendant(s), Middlesex County Prosecutor's Office and Middlesex County Correctional Facility, for the proportionate share of any and all sums that may be adjudged against these Defendants in this action.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand a judgment of contribution from the Co-Defendant(s), Middlesex County Prosecutor's Office and Middlesex County Correctional Facility, together with interest, attorney's fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

## SECOND COUNT

1.   These Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, repeat and reallege each and every allegation contained in the First Count as if the same were more fully set forth at length herein and made a part hereof.

2.   Although these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, deny any liability whatsoever, they nonetheless assert that any and all injuries and damages sustained by the Plaintiffs were the proximate result of the negligence of Co-Defendant(s), Middlesex County Prosecutor's Office and Middlesex County Correctional Facility, which negligence was primary and active, and if these Defendants are found liable to the Plaintiffs with respect to said injuries and damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and Co-Defendant(s) aforesaid is liable to these Defendants, by way of common law indemnification, for any and all sums which these Defendants may be required to pay in this action.

WHEREFORE, these Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, demand judgment, by way of full indemnification, against the Co-Defendant(s), Middlesex County Prosecutor's Office and Middlesex County Correctional Facility, for any and all sums which these Defendants may be required to pay in this action, together with interest, attorney's fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

## ANSWER TO ALL CROSSCLAIMS

These Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, by way of Answer to any and all Crossclaims, say:

These Defendants deny each and every allegation contained in the Co-Defendant(s) Crossclaims and therefore leaves Crossclaimants to their proofs.

## REQUEST FOR DISCOVERY

**PLEASE TAKE NOTICE THAT**, demand is hereby made of the Plaintiffs for complete compliance with Rule 26, for all discovery items/documentation.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE THAT**, **Susan K. O'Connor, Esq.**, has been designated as trial counsel on behalf of Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department.

## JURY DEMAND

These Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, hereby demand a trial by jury in accordance with Federal Rule of Civil Procedure 30.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

## <u>REQUEST FOR STATEMENT OF DAMAGES</u>

**PLEASE TAKE NOTICE** that in accordance with Local Civil Rule 8.1, the undersigned requests that within ten (10) days of service hereof upon you, you serve upon us a written statement of the amount of damages claimed in this action against these Defendants, and against all defendants, if these amounts differ.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Attorneys for Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department

**/s/ Susan K. O'Connor**
BY:_____
SUSAN K. O'CONNOR

DATED: July 20, 2007

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

**PROOF OF MAILING**

I, **Susan K. O'Connor, Esq.**, hereby certify that on this date that I served via electronic mail, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, to the following:

> Mr. William T. Walsh
> Clerk, United States District Court
> Martin Luther King, Jr. Federal Building and US Courthouse
> 50 Walnut Street
> Newark, NJ 07102

I certify that on this date I served via Regular Mail, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department, to the following:

Robert D. Kobin, Esq.
Nusbaum, Stein, Goldstein & Bronstein
20 Commerce Boulevard
Succasunna, NJ 07876
Attorney(s) for Plaintiffs,
Bassem Kandil and Flora Kandil

William T. Connell, Esq.
Dwyer, Connell & Lisbona
PO Box 629
West Caldwell, NJ 07007-3573
Attorney(s) for Defendant,
Lt. Gary Yurkovic

Gary S. Spagnola, Esq.
Golden, Rothschild, Spagnola, Lundell, Levitt & Boylan, P.C.
1011 Route 22 West, Suite 300
PO Box 6881
Bridgewater, NJ 08807
Attorney(s) for Defendant,
Officer William C. Oels, III

Michael John Stone, Esq.
The Stone Law Group
20 Glenview Drive
Warren, NJ 07059
Attorney(s) for Defendant,
Officer Anthony M. Abode

Lawrence Y. Bitterman, Esq.
247 Livingston Avenue
New Brunswick, NJ 08901
Attorney(s) for Defendant,
Officer William C. Oels, III

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ

I certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Attorneys for Defendants, Police Director (improperly pled as "Chief of Police"), City of New Brunswick, Sgt. William Oels and City of New Brunswick Police Department

**/s/ Susan K. O'Connor**

_____
SUSAN K. O'CONNOR

DATED: July 20, 2007

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

40 Paterson Street
PO Box 480
New Brunswick, NJ