NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BASSEM KANDIL and FLORA KANDIL, his wife, | |
| Plaintiffs, | Civil Action No. 06-4701 (JAG) |
| v. | OPINION |
| POLICE OFFICER GARY YURKOVIC, POLICE OFFICER ANTHONY MARK ABODE, POLICE OFFICER WILLIAM C. OELS, III, SERGEANT WILLIAM OELS, CHIEF OF POLICE, CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DEPARTMENT, MIDDLESEX COUNTY PROSECUTOR'S OFFICE, MIDDLESEX COUNTY CORRECTIONAL FACILITY, JOHN DOE SUPERVISING OFFICERS 1-10, JOHN DOES 1-10, ABC CORPS. 1-10, | |
| Defendants. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of Defendant Middlesex County Prosecutor's Office ("MCPO") for dismissal of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). For the reasons stated below, the motion will be granted, with prejudice.

1

## I. **BACKGROUND**

Plaintiff Bassem Kandil ("Kandil") alleges that on or about October 1, 2004, he was accosted, violently assaulted, harassed, and falsely arrested and imprisoned by Defendants Officers Gary Yurkovic, Anthony Mark Abode, William C. Oels, III, John Doe Supervisors 1-10 and/or John Does 1-10. (First Am. Compl. 6.) Kandil was charged "with various offenses including harassment, resisting arrest, disarming an officer and aggravated assault upon a police officer." (Id.) Kandil alleges that the officers acted without probable cause, and "exercised their authority as law enforcement officers . . . in bad faith, with actual malice and[] with wanton and willful disregard of persons who forseeably [sic] might be harmed by [their] actions." (Id. at 6-7.) Kandil also alleges that he was maliciously prosecuted by the MCPO. (Id. at 7-8.)

Plaintiffs Bassem Kandil and Flora Kandil (collectively "Plaintiffs") filed the instant action on September 29, 2006, alleging that Defendants Officers Yurkovic, Abode, Oels, and John Doe Supervisors 1-10, Chief of Police, John Does 1-10, New Brunswick Police Department, Middlesex County Prosecutor's Office, and ABC Corps. 1-10 (collectively "Defendants") violated their civil rights, pursuant to 42 U.S.C. §§ 1983 and 1985, and the New Jersey Civil Rights Act, N.J. STAT. ANN. § 10:6-2. (First Am. Compl. 15-19.) Plaintiffs also allege claims for malicious prosecution (id. at 7-8), intentional infliction of emotional distress (id. at 8-10), malicious abuse of process (id. at 10-11), tortious interference with economic advantage (id. at 11-13), negligent training and supervision (id. at 13-14), civil conspiracy (id. at 14-15), and loss of consortium (id. at 22-23).[1]

---

[1] Plaintiffs also allege claims for false arrest and imprisonment (id. at 6-7), excessive force (id. at 19-20), loss of property (id. at 20-21), and theft of property (id. at 21-22). These causes of action are not raised against the MCPO, and will not be addressed here.

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.

When deciding a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), a court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is to view these allegations and inferences in the light most favorable to the non-moving party. Id. A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). That is, a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974 (abrogating Conley, 355 U.S. 41). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp.,

223 F.3d 165, 173 (3d Cir. 2000).

### III.  DISCUSSION

The MCPO argues that its motion to dismiss should be granted because: (1) Plaintiffs' claims for damages against the MCPO are barred by the Eleventh Amendment; (2) the MCPO is not "a person" amenable to suit under 42 U.S.C. §§ 1983 and 1985, or the New Jersey Civil Rights Act, N.J. STAT. ANN. § 10:6-2; (3) 42 U.S.C. §§ 1983 and 1985, and the New Jersey Civil Rights Act preclude recovery based upon a theory of respondeat superior; (4) Plaintiffs' claims against the MCPO are barred by absolute immunity; and (5) Plaintiffs failed to file a Notice of Tort Claim against the MCPO.  This Court finds that each of Plaintiffs' claims against the MCPO are barred by the Eleventh Amendment.  Therefore, this Court need not address the MCPO's additional arguments for dismissal.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI.  This Amendment bars suits against any state, or its agencies, in federal court by that state's own citizens or citizens of other states.  Davis v. Twp. of Lakewood, No. 03-1025, 2005 U.S. Dist. LEXIS 16420, at *11 (D.N.J. Aug. 4, 2005) (citing Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)); see also Kelley v. Edison Twp., No. 03-4817, 2006 U.S. Dist. LEXIS 23510, at *18 (D.N.J. Apr. 25, 2006) (citing Bennett v. City of Atl. City, 288 F. Supp. 2d 675, 679 (D.N.J. 2003) (stating that "[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities and persons who can show that, even though the State is not the named defendant, 'the state is the real, substantial party in interest.'")).

This broad immunity applies to claims for both legal and equitable relief, as well as all claims pursuant to 42 U.S.C. § 1983.  Davis, 2005 U.S. Dist. LEXIS 16420, at *12 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 n.8 (1984)).  Therefore, unless a state waives its sovereign immunity, or consents to the suit, a federal court lacks jurisdiction to hear claims brought by an individual against a state.  Kelley, 2006 U.S. Dist. LEXIS 23510, *18.  No clear waiver is apparent here.

In order to determine whether the MCPO is an agency of the state of New Jersey or, in other words, whether New Jersey is the "real, substantial party in interest," (see Kelley, 2006 U.S. Dist. LEXIS 23510, at *18), this Court must consider the following three factors, known as the "Fitchik factors": "(1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy."  Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir.2001) (citing Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989)).  Each factor must be considered equally in assessing whether the MCPO is an arm of the state of New Jersey.  Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 546 (3d Cir. 2007).  The MCPO bears the burden of proving that it is entitled to sovereign immunity.  See Chisolm, 275 F.3d at 323.

The first Fitchik factor requires a determination of whether a judgment entered against the MCPO would be paid from the state treasury.  Id.  This is true here.  In Wright v. State of New Jersey, the Supreme Court of New Jersey determined that county prosecutors, when engaged in investigation and enforcement of the state's criminal laws, carry out a function that has "traditionally been the responsibility of the state and for which the Attorney General is ultimately answerable."  778 A.2d 443, 464 (N.J. 2001); see also Banda v. Burlington County, No. 03-2045,

2006 U.S. Dist. LEXIS 68791, at *16-17 (D.N.J. Sept. 26, 2006); Kelley, 2006 U.S. Dist. LEXIS 23510, at *19-20; Davis, 2005 U.S. Dist. LEXIS 16420, at *21-22.  Therefore, county prosecutors are entitled to indemnification and defense by the State of New Jersey for alleged "tortious conduct committed during the investigation, arrest, and prosecution of [a plaintiff]," unless their acts or omissions involve fraud, actual malice, or willful misconduct.  Wright, 778 A.2d at 465 (citing N.J. STAT. ANN. §§ 59:10A, 59:10-2).

Each of Plaintiffs' allegations against the MCPO pertain to the MCPO's actions relating to Kandil's arrest, investigation, and prosecution.  (See generally First Am. Compl.)  The MCPO's actions are soundly within its capacity as a law enforcement entity.  While Plaintiffs allege that several counts of the complaint were committed with "actual malice, and/or wanton and willful disregard of persons who forseeably [sic] might be harmed by [their] actions" (see, e.g., First Am. Compl. 8), they do not allege specific acts or omissions by a particular employee or agent of the MCPO that involves fraud, actual malice, or willful misconduct precluding indemnification and defense by the State of New Jersey.  Further, "the State is providing a defense to the MCPO . . . and is indemnifying the MCPO regarding all matters of this case." (Def.'s Reply in Supp. of Mot. to Dismiss 4).  As such, this Court finds that payment of a judgment resulting from this suit would come from the New Jersey State treasury.

Second, and consistent with that noted above, this Court finds that the MCPO acts as an agent of New Jersey.  As stated by the Wright court,

> [w]hen prosecutors perform their law enforcement function, they are discharging a State responsibility that the Legislature has delegated to the prosecutors . . . subject to the Attorney General's right to supersede.  The legislative delegation, in combination with the Attorney General's supervisory authority and power to supercede, demonstrates that at its essence the county prosecutors' law enforcement

6

function is clearly a State function.

778 A.2d at 462 (internal citations omitted).

Third, it is clear that the MCPO is not an autonomous entity, and is subject to the supervision and supersession by the Attorney General. N.J. STAT. ANN. § 52:17B-106 (stating that "the Attorney General may supersede the county prosecutor for the purpose of prosecuting all of the criminal business of the State in said county, intervene in any investigation, criminal action, or proceeding instituted by the county prosecutor, and appear for the State in any court or tribunal for the purpose of conducting such investigations, criminal actions or proceedings as shall be necessary for the protection of the rights and interests of the State.").

Each of the three Fitchik factors is satisfied. Further, the District of New Jersey has consistently held that New Jersey county prosecutors' offices are entitled to Eleventh Amendment immunity from suits arising out of the exercise of prosecutorial powers. See generally, Banda, 2006 U.S. Dist. LEXIS 68791 (Burlington County Prosecutor's Office entitled to Eleventh Amendment immunity); Davis, 2005 U.S. Dist. LEXIS 16420 (Ocean County Prosecutor's Office entitled to Eleventh Amendment immunity); Kelley, 2006 U.S. Dist. LEXIS 23510 (Middlesex County Prosecutor's Office entitled to Eleventh Amendment immunity). This Court has no reason to depart from the precedent established in these cases. Ultimately, this Court holds that the MCPO is entitled to Eleventh Amendment immunity.

## IV. CONCLUSION

For the reasons stated above, the motion of Defendant Middlesex County Prosecutor's Office for dismissal of all claims brought against it is granted.

Date: December 18, 2007

                                         S/Joseph A. Greenaway, Jr.
                                         JOSEPH A. GREENAWAY, JR., U.S.D.J.