131 *N.J.L.J.* 170

May 18, 1992

1 *N.J.L.* 740
May 18, 1992

**ADVISORY COMMITTEE ON PROFESSIONAL ETHICS**

**Appointed by the New Jersey Supreme Court**

**OPINION 661**

**Municipal Prosecutor Conditioning
Plea Bargain Upon Defendant's
Execution of Civil Release Form**

The inquirer asks whether it is ethical for a municipal prosecutor to require, as a condition precedent to a plea bargain, that a defendant in a criminal, quasi-criminal or motor vehicle matter sign a form in which the defendant agrees that there existed probable cause to arrest, that no excessive force was used in effectuating the arrest, and that any right to sue the arresting officer for a violation of civil rights is waived. Specifically, in order to have a plea bargain accepted, any defendant must answer the following questions - which are on the plea bargaining form - affirmatively:

Do you agree that the police officer(s) who arrested you and detained you had probable cause to arrest you and to charge you with all of the offenses listed in response to question one?

Do you acknowledge that the police officer(s) who arrested you exercised only the force that was reasonable and necessary to arrest you?

Do you realize that by signing this document you are giving up the right to sue the police officer who arrested you, any police officer involved in the arrest and the City of based upon any of the circumstances surrounding your arrest, the filing of the charges and your detention?

---

In the factual context recited by the inquirer, the prosecutor demanded affirmative responses to these three questions in a situation in which probable cause did not exist. When there is no probable cause, the introduction of RPC 3.8(a) unequivocally applies:

The prosecutor in a criminal case shall:

(a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause[.]

Requiring a defendant to acknowledge the existence of probable cause in no way vitiates the obligation of the prosecutor not to prosecute when probable cause does not exist. That duty is absolute and unconditional. A defendant's uninformed - or informed - view on probable cause cannot relieve the prosecutor of the duty to assure that probable cause is present.

Even if there exists probable cause in the subjective opinion of the prosecutor, it is improper for the prosecutor to insist upon a defendant's acknowledgment of the existence of probable cause. A defendant's acknowledgment of the existence of probable cause is irrelevant to both the purpose and the propriety of a plea bargain. The true purpose for such a question can only be to enhance law enforcement's position unfairlySee footnote 1 [1] or to relieve the prosecutor improperly of the obligation to ascertain the existence

of probable cause. Requiring an affirmative answer to this first question is thus improper.

The issues of whether it is proper for a prosecutor to demand an acknowledgment that excessive force was not used and to require waiver or release of civil rights claims are separate and distinct from the issue of waiving probable cause. We start with the well-established obligation of the prosecutor:

> The primary duty of a prosecutor is not to obtain convictions but to see that justice is done. *State v. Farrell*, 61 *N.J.* 99, 104 (1972). Thus, "[I]t is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Id.* at 105 (quoting *Beyer v. United States*, 295 *U.S.* 78, 88, 55 *S. Ct.* 629, 633, 79 *L. Ed.* 1314, 1321 (1935)).

See *State v. Marshall*, 123 *N.J.* 1, 152-153 (1991).

RPC 3.8 expands upon a prosecutor's "Special Responsibilities" and details certain active steps a prosecutor must take to ensure fair treatment of defendants. In the spirit of RPC 3.8, we note that neither fairness nor logic dictates that a defendant should be bound by his untutored perception of whether "reasonable and necessary force" was used, as this form requires. Just as in the case of requiring acknowledgment of probable cause, asking a defendant to acknowledge affirmatively the existence of the legally ephemeral concept of "reasonable and necessary force" is the antithesis of insuring that justice is done and it is a default of the State's affirmative obligation. A prosecutor thus may not demand an affirmative answer to this question as a precondition to a plea bargain.

The required waiver of civil rights requires analysis under an additional rule. RPC 3.4(g) mandates that a lawyer shall not "present, participate in presenting, or threaten to present criminal charges to obtain an improper advantage in a civil matter." In the situation presented, the defendant was in court under threat of quasi-criminal charges for which no probable cause existed. Because probable cause was absent, proceeding with trial would have been a violation of the prosecutor's obligation under RPC 3.8(a). Despite this lack of probable cause, and attendant possible violation of RPC 3.8(a), trial was to be held unless certain substantive rights were waived. The element of *quid pro quo* forbidden by RPC 3.4(g) is present: unless the defendant waived certain of his constitutional and civil rights (a clear civil advantage to both the police officers and the municipality involved), he would be prosecuted in violation of RPC 3.8(a).

We hasten to acknowledge the tension created by these three conditions precedent as they relate to the question of voluntariness of the plea. It may be that requiring affirmative answers to these questions is also inherently coercive, in addition to being unethical. We are not reaching that issue, because we perceive that the practice described here is unethical, as opposed to illegal. In reaching our conclusion, we acknowledge that a similar practice has been held to be not invalid or illegal *per se*. In *Newton v. Rumery*, 480 *U.S.* 386, 107 *S. Ct.* 1187, 94 *L.Ed.* 2d 405 (1987), decided by a sharply divided 4-1-4 Court, the United States Supreme Court held that on the specific facts of that case, an agreement to dismiss premised upon release of rights under 42 *U.S.C.* § 1983 could be enforced. Throughout the plurality opinion, the Court emphasized that the peculiar facts of the case - which included the defendant's early representation by an attorney, his sophistication and the victim's desire not to testify in an unpleasant sexual assault case - allowed him to validly waive what § 1983 rights he may have had.

Because *Newton* is explicitly fact-sensitive, it cannot be read as endorsing wholesale waivers without regard to actual facts, as the State seeks to do here. While the three questions here may be able to pass muster under *Newton* in certain factual settings, we believe that a bright-line prophylactic rule forbidding conditions precedent such as those required here is more in keeping with the ethical obligations of the prosecutor.See footnote 2 [2] As an additional benefit, it will have the ancillary effect of sparing the criminal justice system from the unseemly spectacle of *Newton*-based attacks on the integrity of prosecutors and, incidentally, from attacks on the validity of the waivers themselves.

\* \* \*

*Footnote: 1* [1]

*In effect, the threat of continuation of prosecution is being used to extract an admission that will provide protection against a civil suit, in violation of RPC 3.4(g).*

*Footnote: 2* [2]
*Nor do we believe that our opinion in this inquiry conflicts with Opinion 565, 116 N.J.L.J. 225 (August 15, 1985).*

*This archive is a service of Rutgers University School of Law - Camden*