194 N.J.L.J. 451

October 27, 2008

17 N.J.L. 2084

October 27, 2008

**Advisory Committee on Professional Ethics**

**Appointed by the Supreme Court of New Jersey**

OPINION 714

**Conditioning Entry of a Plea or Entry Into Pretrial Intervention on Defendant's Release From Civil Liability and Hold-Harmless Agreement**

Inquirer asked whether a prosecutor may, consistent with the *Rules of Professional Conduct* and prior Opinions of this Committee, condition entry of a plea or entry into pretrial intervention in a criminal, quasi-criminal, or motor vehicle matter on the defendant's release from civil liability and agreement to hold harmless any person or entity such as the police, the prosecutor, or a governmental entity.

*Rule of Professional Conduct* 3.4(g) provides that a lawyer shall not "present, participate in presenting, or threaten to present criminal charges to obtain an improper advantage in a civil matter." Threatening to or presenting criminal charges for this purpose is a form of intimidation and harassment that threatens the integrity of the civil process and is prejudicial to the administration of justice.

The Committee has previously decided that this *Rule* not only prohibits a lawyer handling a civil case from threatening to present criminal charges but also extends to conduct by prosecutors who seek an advantage in a potential civil case by coercing criminal defendants to waive civil causes of action in connection with plea bargains. Advisory Committee on Professional Ethics Opinion 661, 131 *N.J.L.J.* 170, 1 *N.J.L.* 740 (May 18, 1992). In Opinion 661, the Committee found that a municipal prosecutor may not condition a plea bargain on an agreement by the defendant that probable cause to arrest existed, that the charges filed were supported by probable cause, that no excessive force was used in the course of the arrest, and that any cause of action for violation of civil rights would be relinquished. *Ibid.* While the



focus of the Opinion was on the general responsibility of a prosecutor to "see that justice is done," the Committee also specifically found that *RPC* 3.4(g) prohibits prosecutors from seeking an advantage in a potential civil action while negotiating a plea bargain with criminal defendants. *Ibid.* The Committee stated: "In effect, the threat of continuation of prosecution is being used to extract an admission that will provide protection against a civil suit, in violation of *RPC* 3.4(g)." *Ibid.*

The facts presented in Opinion 661 differed from those in Opinion 565, 116 *N.J.L.J.* 225 (August 15, 1985). In Opinion 565, the Committee found that an attorney defending security guards accused of simple assault, where cross-complaints had been filed against the guards' accusers, may require execution of civil liability releases as a condition of mutual dismissal of the complaints and the cross-complaints. Both the complainants and the defendants sought to dismiss their respective charges, the civil claim release accompanied mutual dismissals of claims benefiting both parties, and both parties were on relatively equal footing. The element of intimidation or coercion that can arise when a prosecutor is negotiating a plea bargain with a criminal defendant was not present.

Accordingly, in response to the inquiry, the Committee confirms that *RPC* 3.4(g) prohibits a prosecutor from conditioning entry of a plea or entry into pretrial intervention in a criminal, quasi-criminal, or motor vehicle matter on the defendant's release from civil liability and agreement to hold harmless any person or entity such as the police, the prosecutor, or a governmental entity. The prohibition applies in all situations, including when the defendant's release from liability and agreement to hold harmless is initially offered by defense counsel.

3