NUSBAUM, STEIN, GOLDSTEIN
BRONSTEIN & KRON, P.A.
20 Commerce Blvd., Suite E
Succasunna, New Jersey 07876
(973)584-1400
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BASSEM KANDIL AND FLORA KANDIL, his spouse,<br>　　　　Plaintiff(s)<br>　v. | :<br>:<br>:<br>:<br>: | Civil Action No. 06-cv-4701 |
|  | :<br>: |  |
| POLICE OFFICER GARY YURKOVIC, POLICE OFFICER ANTHONY MARK ABODE, et al.<br>　　　　Defendant(s) | :<br>:<br>:<br>:<br>: |  |
| ———————————————— | : |  |

## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

1.      On September 22, 2005, Plaintiff Bassem Kandil, through counsel, provided

reciprocal discovery to the State in the underlying criminal matter.  Ex. "A" Transcript of

proceeding of 9/22/05.

2.      The reciprocal discovery that was provided with the correspondence was:

> Twelve (12) copies of photographs of the scene of the incident;
> Twenty-four (24) copies of photographs of the injured parties;
> Interview of Austin Shaw;
> Interview of Abdel A. Abou-Elata;
> Interview of Mahmoud Elsakahwy;
> Interview of Mohammad G. Farzaie;
> Transcribed taped telephone conversation between Mohammad G. Farzaie and
> Linda, last name unknown; and
> Investigative statement of Russell C. Vanderbush dated 2/7/05.
>
> Reciprocal Discolvery provided collectively marked as Ex. "B"
>
> Ex. "C"- the correspondence providing discovery dated 9/22/05.

3.      Counsel for the Plaintiff made numerous discovery requests as follows and

attached hereto collectively as Ex. "D".

> Correspondence dated 12/16/04;
> Correspondence dated 1/3/05;
> Correspondence dated 2/18/05; and
> Correspondence dated 8/1/05.

4.      Pursuant to Plaintiff's numerous discovery requests, the State finally inquired as

to the presence of witnesses at the Shell Station.  In response to that request, a letter

was received from the State indicating that Gary Yurkovic was asked about witnesses

or people who he knew at the scene and he responded that he did not know anybody at

the scene. Ex. "E"

5.      The Defendant Police Officer Gary Yurkovic admits that he had an ongoing affair

with Pam Radziweicz at the time of the incident set-forth herein. Ex. "F"

6.      The investigation by the Plaintiff/Defendant in the underlying criminal matter, clearly indicates that Police Officer Gary Yurkovic is being dishonest when he states that he did not know any of the individuals at the Shell Station on the evening in question.

7.      Subsequent to providing reciprocal discovery, A.P. Silva apparently contacted Officer Yurkovic between September 22, 2005 and October 18, 2005. Ex. "G" transcript of A.P. Silva – T.20:7-16.

8.      A.P. Silva discussed with First Assistant McClure the issue of the two (2) female witnesses and whether they were present or not present.  Ex. "G" - T.41:1-15.

9.      At no point were reports provided in discovery from the State in the underlying criminal case as to any interview of Pamela Radziweicz and the individual identified as Lindsay despite having been provided with reciprocal discovery identifying Pamela Radziweicz specifically and Lindsay generally.

10.     Plaintiff was arrested without probable cause and beaten by the New Brunswick Police Officers for no reason.  Ex. "H" – Affidavit of Bassem Kandil; Ex. "I" – Transcript of deposition of Bassem Kandil – T128:22-T.169:14; and T.177:4-T.268:5.