# EXHIBIT "1"

Pitchford - 12/17/2008  *5900  39498*

## SHEET 1 PAGE 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BASSEM KANDIL and FLORA KANDIL, his wife,
    Plaintiffs,
v.
POLICE OFFICER GARY YURKOVIC, POLICE OFFICER ANTHONY MARK ABODE, POLICE OFFICER WILLIAM C. OELS, III, SERGEANT WILLIAM OELS, CHIEF OF POLICE, CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DEPARTMENT, MIDDLESEX COUNTY PROSECUTOR'S OFFICE, MIDDLESEX COUNTY CORRECTIONAL FACILITY, JOHN DOE SUPERVISING OFFICERS 1-10, JOHN DOES 1-10, ABC CORPS. 1-10,
    Defendants.

Case Number: 06CV4701 (JAG)

CIVIL ACTION

Deposition of:

SHEREE V. PITCHFORD

T R A N S C R I P T of the stenographic notes of the proceedings in the above-entitled matter, as taken by and before TRACY LYNN NEILSON, License No. 30XI00202400, a Certified Court Reporter and Notary Public of the State of New Jersey, held at the offices of HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, 40 Paterson Street, New Brunswick, New Jersey, on Wednesday, December 17, 2008, commencing at 9:07 in the forenoon.

## PAGE 2

A P P E A R A N C E S:

NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON
Attorneys for the Plaintiffs, Bassem Kandil and Flora Kandil
    20 Commerce Boulevard
    Succasunna, New Jersey 07876
By: SUSAN BIELANOWSKI REED, ESQUIRE

DWYER, CONNELL & LISBONA
Attorneys for the Defendant, Police Officer Gary Yurkovic
    100 Passaic Avenue
    Fairfield, New Jersey 07004
By: WILLIAM T. CONNELL, ESQUIRE

GOLDEN, ROTHSCHILD, SPAGNOLA, LUNDELL, LEVITT & BOYLAN, P.C.
Attorneys for the Defendant, Police Officer Anthony Abode, Jr.
    1011 Route 22 West, Suite 300
    P.O. Box 6881
    Bridgewater, New Jersey 08807
By: JEFFREY S. BELL, ESQUIRE

THE STONE LAW GROUP
Attorneys for the Defendant, Police Officer William C. Oels, III
    20 Glenview Drive
    Warren, New Jersey 07059
By: MICHAEL JOHN STONE, ESQUIRE

LAWRENCE Y. BITTERMAN, ESQUIRE
Attorney for the Defendants, Police Officer William C. Oels, III and Police Officer Gary Yurkovic regarding punitive damages
    247 Livingston Avenue
    New Brunswick, New Jersey 08901

## PAGE 3

A P P E A R A N C E S (continued):

HOAGLAND, LONGO, MORAN, DUNST, & DOUKAS, LLP
Attorneys for the Defendants, Sergeant William Oels, Chief of Police, City of New Brunswick, City of New Brunswick Police Department
    40 Paterson Street
    P.O. Box 480
    New Brunswick, New Jersey 08903
By: SUSAN K. O'CONNOR, ESQUIRE

BENJAMIN D. LEIBOWITZ, ESQUIRE
DEPUTY COUNTY COUNSEL, COUNTY OF MIDDLESEX
Attorneys for the Defendant, Middlesex County Prosecutor's Office
    County Administration Building
    John F. Kennedy Square - Room 230
    New Brunswick, New Jersey 08901

## PAGE 4

I N D E X   O F   W I T N E S S E S

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| SHEREE PITCHFORD | | | | |
| By Mr. Connell | 5 | | | |
| By Ms. Reed | 35 | | | |

    *    *    *

I N D E X   O F   E X H I B I T S

| Exhibit | Description | Page |
|---|---|---|
| DSP-1 | Three-Page Indictment | 5 |
| DSP-2 | August 12, 2005 Letter | 33 |
| PSP-1 | November 10, 2004 Letter to Assistant Prosecutor Abramowitz from Robert D. Kobin, Esquire | 47 |
| PSP-2 | December 16, 2004 Letter from Nusbaum, Stein, Goldstein, Bronstein & Kron to Assistant Prosecutor Abramowitz | 54 |
| PSP-3 | Packet of Documents | 55 |
| PSP-4 | July 7, 2005 Brief in Support of a Motion for Discovery | 71 |

SHEET 8   PAGE 29

S. Pitchford - direct - Mr. Connell    29

1  just a transfer of myself into another unit. There
2  are often office transfers, so that gives everyone
3  an opportunity who is being transferred to clear out
4  the files they have to the best of their ability and
5  then to become introduced to the new caseload.
6      Q   Okay. Is it fair to say then that you
7  would have maintained control of this file until
8  Labor Day, 'til September when the transfer comes
9  through?
10 A   That would be fair to say.
11     Q   Okay. And did you have any further
12 involvement with this case in the summer?
13 A   Yes, I did.
14     Q   What was that?
15 A   I believe it was July 14th. There was a
16 status conference before Judge Gelade, and Defense
17 Counsel at that time --
18     Q   Do you know which one it was?
19 A   Ms. Reed.
20     Q   Okay. Go ahead. What happened?
21 A   She indicated that the State had not been
22 compliant with the discovery request, and I --
23     Q   And your response?
24 A   I placed on the record that I had been
25 compliant with all requests, and had indicated the

PAGE 30

S. Pitchford - direct - Mr. Connell    30

1  things that I turned over that were in my possession
2  or that I was aware of. And Defense made mention of
3  some witnesses, and I had no idea who those
4  witnesses were. She said she had information, and I
5  indicated that if there was information, then as a
6  part of reciprocal discovery, I should receive that
7  information.
8      Q   This was all on the record?
9  A   Yes, it was, and it got quite heated.
10     Q   Okay. And what did Judge Gelade do
11 about that?
12 A   At the time, he made a verbal reprimand of
13 Ms. Reed saying that the State was always compliant,
14 especially this Assistant Prosecutor in particular,
15 because I had been cordial, friendly, and tried to
16 turn over everything as soon as I received it.
17     Q   And was there any mention -- obviously,
18 you had mentioned something to the effect that it
19 was the first time you're hearing about two
20 witnesses and this is now in July of '05, and that
21 she, meaning Ms. Reed, the defense, has the
22 obligation under reciprocal discovery to provide you
23 with information. Did you indicate what you would
24 do with the information if she gave it to you?
25 A   I'm not sure if I placed it on the record,

PAGE 31

S. Pitchford - direct - Mr. Connell    31

1  but I know what I would have done with that
2  information.
3      Q   Which is what?
4  A   If there were names or addresses, I would
5  have also asked for birth dates and social security
6  numbers to give that information to my investigator,
7  who would have made efforts to interview those
8  people.
9      Q   Okay. And even after the reprimand
10 that was given by Judge Gelade to Defense Counsel,
11 were those names turned over to you?
12 A   No, they were not.
13     Q   Is it fair to say that without names -
14 forget about addresses, DOBs and social security
15 numbers - you couldn't do any investigation?
16 A   That's correct.
17     Q   Was the defense ordered at that time to
18 turn over the names by the judge?
19 A   I don't remember what the judge asked, but I
20 believe that the judge directed any information --
21 I'm not sure it was an order, but the judge
22 indicated if Defense Counsel has information to turn
23 over to the State, that it should be done.
24     Q   Okay. Did you at any point have any
25 further involvement in this case?

PAGE 32

S. Pitchford - direct - Mr. Connell    32

1  A   Yes, I did.
2      Q   What was that?
3  A   August 4th, there was another status
4  conference before Judge Gelade.
5      Q   And what happened at that conference?
6  A   Mr. Kobin was present. I don't remember if
7  it was Mr. Kobin and Ms. Reed or just Mr. Kobin, but
8  at that time there was mention of one of the defense
9  witnesses knowing at least one of the two women that
10 were allegedly present during the October 1st
11 incident.
12     And my response was if a defense witness knew
13 one of the individuals, then they should have the
14 information, and that should be turned over to the
15 State.
16     And still at that time I did not have the
17 names and did not know who these individuals were.
18     Q   So in spite of the comments made in
19 July, in August you were in the same position: You
20 didn't know the name of anybody that the defense was
21 possessing?
22 A   That's correct.
23     Q   And you didn't even know the name of
24 their alleged witness that knew this person?
25 A   No, I did not.