NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BASSEM KANDIL, FLORA KANDIL, SAMEH A. ABOELATA and HALLA KANDIL, | **Hon. Dennis M. Cavanaugh** |
| | **OPINION** |
| Plaintiffs, | Civil Action No. 2:06-cv-04701 (DMC) (MF) |
| v. | |
| GARY YURKOVIC, ANTHONY MARK ABODE, WILLIAM C. OELS, III, WILLIAM OELS, JR., EDWARD T. BOBADILLA, CHIEF OF POLICE, CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DEPARTMENT, MIDDLESEX COUNTY PROSECUTOR'S OFFICE, MIDDLESEX COUNTY CORRECTIONAL FACILITY, JOHN DOE SUPERVISING OFFICERS 1-10, JOHN DOES 1-10, ABC CORPS. 1-10, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motions of Defendants Gary Yurkovic, City of New Brunswick, New Brunswick Police Department, William C. Oels, III, William Oels, Jr., and Anthony Mark Abode for Summary Judgment. Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motions are **granted**.

1

I.  **BACKGROUND**[1]

In October 2004, Plaintiff Bassem Kandil ("Mr. Kandil") was arrested by Defendant Officer Gary Yurkovic on charges of aggravated assault on a police officer, resisting arrest, disarming a police officer, and disorderly conduct. Also present at the arrest were Defendant Officers William C. Oehls, III and Anthony Mark Abode. In December 2004, the Middlesex County Grand Jury returned an indictment on one count of disarming an officer, three counts of resisting arrest and three counts of aggravated assault. Thereafter Mr. Kandil, who was represented by counsel, was offered a plea agreement, which he declined.

On December 30, 2004, Mr. Kandil filed a Notice of Tort Claim. On January 20, 2005, at his arraignment, the plea offer previously made to Mr. Kandil was renewed. Mr. Kandil rejected the offer. On October 18, 2005, Mr. Kandil, his counsel, and Assistant Prosecutor Marcia Silva appeared before the Honorable Frederick P. DeVasa in Middlesex County Superior Court for a status conference. During discussions, Judge DeVesa learned that Mr. Kandil had filed a Notice of Tort Claim. Ultimately, a compromise was reached where Mr. Kandil would be enrolled in a Pretrial Intervention Program and, in exchange, would waive all civil claims against State entities and officials (the "release-dismissal agreement").

In September 2006, Mr. Kandil filed this civil matter in the District Court, alleging fourteen counts: 1) false arrest/false imprisonment; 2) malicious prosecution; 3) intentional infliction of emotional distress; 4) malicious abuse of process; 5) tortious interference with economic advantage; 6) negligent training and supervision; 7) civil conspiracy; 8) New Jersey civil rights violations; 9) Federal civil rights violations under 42 U.S.C. § 1983; 10) Federal civil rights violations under 42 U.S.C § 1985; 11) excessive force; 12) loss of property; 13) theft of

---

[1] The facts set-forth in this Opinion are taken from the parties' pleadings.

2

property; and 14) loss of consortium.

On August 31, 2009, Defendant Gary Yurkovic filed a motion for summary judgment, arguing that the release-dismissal agreement was enforceable and that Mr. Kandil failed to abide by its terms. This Court granted the motion for summary judgment for lack of jurisdiction under the Rooker-Feldman doctrine and alternatively held that Mr. Kandil's release-dismissal agreement was enforceable against him as a matter of public policy. Mr. Kandil appealed both findings to the Third Circuit. The Third Circuit found that although Mr. Kandil entered into the release-dismissal agreement voluntarily, genuine issues of material fact existed as to the public interest element of the agreement's enforceability, and therefore vacated this Court's order and remanded.

On March 12-14, 2012, motions for summary judgment were filed on behalf of Defendants Gary Yurkovic, Mark Abode, William C. Oels, III, William Oels, Jr., City of New Brunswick, and New Brunswick Police Department. These motions argued that the release-dismissal agreement was enforceable as a matter of public policy. This Court granted the Defendants' motions on May 11, 2012. Plaintiffs filed a motion for reconsideration on May 24, 2012, which this Court denied on July 12, 2012. On July 23, 2012, Plaintiffs filed an appeal with the Third Circuit. On June 14, 2013, the Third Circuit affirmed this Court's judgment on Plaintiffs' § 1983 claims and remanded the matter for a determination as to whether Plaintiffs' state law claims are barred by the release-dismissal agreement.

Defendant Gary Yurkovic filed the instant Motion for Summary Judgment on July 31, 2013 (ECF No. 158). Defendants City of New Brunswick, New Brunswick Police Department, William Oels, Jr., William C. Oels, III, and Mark Abode filed Motions for Summary Judgment on August 1, 2012 (ECF Nos. 159-161). These Motions are unopposed.

3

## II. **STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 56, summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v Catrett, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." Red Roof Franchising, LLC v. AA Hospitality Northshore, LLC, 877 F. Supp. 2d 140, 147 (D.N.J. 2012) (citing Anderson, 477 U.S. at 256-57). To do so, "[a] party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements." Id. (citing Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001)). Accordingly, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. **DISCUSSION**

This Court must determine whether Plaintiffs' state law claims are barred by the release-dismissal agreement. The Third Circuit has stated "the validity of any purported release of . . . state claims . . . is governed by state law." Livingstone v. North Belle Vernon Borough, 12 F.3d 1205, 1209 n.6 (3rd Cir. 1993). New Jersey courts have not addressed whether it is against public policy

4

to enforce release-dismissal agreements. However, a balancing test set forth by the New Jersey Superior Court Appellate Division used to determine whether a contractual provision violates public policy provides this Court with guidance. See Saxon Const. & Mgmt. Corp. v. Masterclean of North Carolina Inc., 641 A.2d 1056, 1059 (N.J. Super. App. Div. 1994). In Saxon, the court stated that:

> [t]he factors to be considered in the balancing process include the parties' justified expectations, any forfeiture that would result if enforcement were denied, any special public interest in the enforcement of the particular term, the strength of the public policy involved, the extent to which that policy would be impaired or subverted, the seriousness of any misconduct involved and whether it was deliberate, and the connection between the misconduct and the terms.

Id.

In the present case, the above factors show that the release-dismissal agreement is not against public policy. First, Mr. Kandil simply has not shown that there has been any misconduct on the part of the Prosecutor's Office. For example, it cannot be argued that the charges against Mr. Kandil were brought in an attempt to gain an advantage in the civil suit because Mr. Kandil was criminally charged and indicted before he brought the civil suit. Second, there is a public interest in upholding such agreements, as prosecutors, criminal defendants, and the judiciary can all benefit from them. Here, Mr. Kandil clearly benefited from the release-dismissal agreement, especially in light of the evidence against him, as he was able to get his criminal charges dismissed. As the Third Circuit stated, "there is significant . . . evidence that Kandil was acting in an intoxicated and belligerent manner on the night in question and that the police did not use excessive force to subdue him." Kandil v. Yurkovic, No. 12–3099, 2013 WL 2898206, at *2 (3rd Cir. June 13, 2013). Further, also related to the public interest factor, Mr. Kandil's agreement was similar to a plea agreement in that it involved Mr. Kandil and the Prosecutor's Office

bargaining over his criminal charges, and the Supreme Court of New Jersey has stated that "[a]ll plea-bargain jurisprudence recognizes the important interest of finality to pleas." State v. Smullen, 571 A.2d 1305, 1309 (N.J. 1990). A similar rationale can be applied to release-dismissal agreements in the absence of misconduct on the part of the Prosecutor's Office. Fourth, the Third Circuit found that Mr. Kandil entered into the release-dismissal voluntarily. See Kandil v. Yurkovic, 448 F. App'x 228, 233 (3rd Cir. 2011). Therefore, allowing Mr. Kandil to avoid his end of the agreement would weigh against the parties' justified expectations.

It is clear from the facts and history of this case that the factors used by New Jersey Courts to determine whether a contract violates public policy weigh in favor of enforcing the release-dismissal agreement as to Mr. Kandil's state law claims. Accordingly, Defendants' Motions for Summary Judgment are granted.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motions for Summary Judgment are **granted**. An appropriate order follows this Opinion.

*[signature]*
Dennis M. Cavanaugh, U.S.D.J.

Date:        September 25, 2013
Original:    Clerk's Office
Cc:          All Counsel of Record
             File

6