# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BASSEM KANDIL, FLORA KANDIL, SAMEH A. ABOELATA and HALLA KANDIL, <br><br> Plaintiffs, <br><br> v. <br><br> GARY YURKOVIC, ANTHONY MARK ABODE, WILLIAM C. OELS, III, WILLIAM OELS, JR., EDWARD T. BOBADILLA, CHIEF OF POLICE, CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DEPARTMENT, MIDDLESEX COUNTY PROSECUTOR'S OFFICE, MIDDLESEX COUNTY CORRECTIONAL FACILITY, JOHN DOE SUPERVISING OFFICERS 1-10, JOHN DOES 1-10, ABC CORPS. 1-10, <br><br> Defendants. | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No. 2:06-cv-04701 (DMC) (MF) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon the Motion for Reconsideration by Plaintiff Bassem Kandil ("Plaintiff") pursuant to L. Civ. R. 7.1(i). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiff's Motion is **denied**.

1

I. **BACKGROUND**[1]

In October 2004, Plaintiff was arrested by Defendant Officer Gary Yurkovic on charges of aggravated assault on a police officer, resisting arrest, disarming a police officer, and disorderly conduct. Plaintiff subsequently denied a plea agreement and file a Notice of Tort Claim. On October 18, 2005, Plaintiff, his counsel, and Assistant Prosecutor Marcia Silva appeared before the Honorable Frederick P. DeVasa in Middlesex County Superior Court for a status conference. Ultimately, a compromise was reached where Plaintiff would be enrolled in a Pretrial Intervention Program and, in exchange, would waive all civil claims against State entities and officials (the "release-dismissal agreement").

In September 2006, Plaintiff filed a civil matter in this Court alleging fourteen counts against various Defendants purportedly involved in his arrest. On April 8, 2010, this Court granted summary judgment in favor of Defendants, finding that the release-dismissal agreement was enforceable. The Third Circuit vacated this Court's order and remanded, finding that genuine issues of material fact existed as to the public interest element of the release-dismissal agreement's enforceability. On May 11, 2012, this Court granted summary judgment for Defendants, finding that the execution of the release-dismissal agreement was in the public interest. The Third Circuit affirmed this Court's judgment with respect to Plaintiff's § 1983 claims, but remanded the matter for a determination as to whether Plaintiff's state law claims are barred by the release-dismissal agreement. On July 31, 2013 and August 1, 2013, Defendants filed motions for summary judgment. Plaintiff never filed an opposition to these motions. On September 25, 2013, this Court again granted summary judgment in favor of Defendants, finding that, based on New Jersey law, Plaintiff's state law claims were barred by the release-dismissal

---

[1] The facts set-forth in this Opinion are taken from the parties' pleadings.

agreement. Plaintiff filed the instant Motion for Reconsideration on October 9, 2013 (ECF No. 166). Defendants filed an Opposition on November 4, 2013 (ECF No. 171).

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (citation omitted). Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). Local Rule 7.1(i), under which such motions are governed, does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994). It is improper to "ask the court to rethink what it ha[s] already thought through — rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

## III. DISCUSSION

Plaintiff does not allege that there has been an intervening change in controlling law or that there is new evidence that was not previously available. Rather, Plaintiff argues that his Motion for Reconsideration should be granted because this Court overlooked controlling case

3

law. However, there was nothing for this Court to overlook, as Plaintiff never submitted an opposition to defendants' motions for summary judgment. This alone is a fatal flaw in Plaintiff's Motion for Reconsideration. See Jobe v. Argent Mortgage Co., LLC, No. 3:CV-06-0697, 2009 WL 801866, at *1 n.4 (M.D. Pa. Mar. 25, 2009) ("The fact that Plaintiffs failed to raise these arguments in conjunction with their Motion for Summary Judgment, or in opposition to Defendant's Motion for Summary Judgment, warrants dismissal of their Motion for Reconsideration as well."); In re Linerboard Antitrust Litig., MDL No. 1261, 2008 WL 4461914, at *3 (E.D. Pa. Oct. 3, 2008) aff'd, 361 F. App'x 392 (3d Cir. 2010) ("A motion to reconsider may not raise new arguments that could or should have been made in support of, or in opposition to, the original motion."); Bapu Corp. v. Choice Hotels Int'l, Inc., No. 07-5938 WJM, 2010 WL 3259799, at *1 (D.N.J. Aug. 17, 2010) (stating that it "cannot consider Plaintiffs' statute of limitations argument because it was raised for the first time in this motion for reconsideration"). While Plaintiff points to arguments he made in oppositions to the previous motions for summary judgment in this matter, this does not excuse Plaintiff's failure to submit an opposition to the summary judgment motion at issue. Accordingly, Plaintiff's Motion for Reconsideration is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **denied**. An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: ~~October~~ Dec 9, 2013
Original: Clerk's Office
Cc: All Counsel of Record
    File

4